# GOODWIN | PROCTER

David J. Apfel
617.570.1970
dapfel@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

April 29, 2004

**By Hand and Facsimile**

Susan M. Poswistilo, Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Re:   <u>United States v. Manuel Mendes, et al., Criminal No. 04-CR-10098 WGY</u>

*Defendant William Tejeda's Non-Waiver of Automatic Discovery and Request for Additional Discovery*

Dear Ms. Poswistilo:

On behalf of my client, defendant William Tejeda, I write to confirm that Mr. Tejeda will not be filing a waiver of his right to automatic discovery. As I indicated before Magistrate Judge Dein at Mr. Tejeda's detention hearing on Monday, April 19, 2004, Mr. Tejeda intends to proceed under the Court's automatic discovery rules. I, therefore, request that the government provide Mr. Tejeda with all automatic discovery by Monday, May 3, 2004, *i.e.*, within fourteen (14) days of Mr. Tejeda's acknowledgement that he would not be waiving his right to automatic discovery.

In addition to automatic discovery materials, defendant William Tejeda requests that the government provide him with information pertaining to and/or copies of each of the following:

1. All material and information provided to William Tejeda's co-defendants through automatic discovery and/or other discovery.

2. Copies of any and all material recorded, on whatever medium, pursuant to: (i) the Order Authorizing the Interception of Wire Communications dated January 29, 2004 and/or (ii) the Order Authorizing the Continued Interception of Wire Communications dated March 3, 2004, and all other recordings and/or composite tapes that have been made in connection with the investigation and/or indictment of William Tejeda and/or any of his co-defendants.

GOODWIN | PROCTER

Susan M. Poswistilo, Assistant U.S. Attorney
April 29, 2004
Page 2

3. Copies of any and all material received pursuant to any search of the "software and memory" of the Nextel cellular telephone, the Sprint cellular telephone, the T-Mobile cellular telephone, the Nokia/Sprint cellular telephone and the Motorola pager described in paragraph 4 of the Affidavit of Sean E. Balcom dated April 14, 2004.

4. In his April 19, 2004 testimony, Detective-Sergeant Sean Balcom referenced four recordings memorializing communications between one or more of Mr. Tejeda's co-defendants and the "source." Please provide me with copies of those recordings at your earliest convenience or contact me to arrange a mutually agreeable time for me to come to your office to listen to them.

5. Copies of any and all recordings made by the Plymouth House of Corrections of telephone conversations between William Tejeda's co-defendant, Manuel Mendes, and Mr. Tejeda or any of Mr. Tejeda's co-defendants while Mr. Mendes was incarcerated at the Plymouth House of Corrections. The government's response to this request should include composite tapes.

6. Copies of any and all recordings made by the Plymouth House of Corrections of telephone conversations not included in response to paragraph 5 above which the government contends were in furtherance of the conspiracy charged in the indictment.

7. Copies of all preliminary transcripts and final transcripts of recordings and/or composite tapes that have been prepared in connection with the investigation and indictment of William Tejeda and/or any of his co-defendants.

8. All documents and objects that William Tejeda and/or any of his co-defendants must be permitted to inspect or copy or photograph upon request per Fed. R. Crim. P. 16(a)(1)(E). Specifically, William Tejeda requests all books, papers, documents, data, photographs, tangible objects, photographs of or access to buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense of William Tejeda or any of his co-defendants; (ii) the government intends to use the item in its case-in-chief at trial against William Tejeda or any of the other defendants; or (iii) the item was obtained from or belongs to William Tejeda and/or any of his co-defendants. The government's response to this request should include any and all surveillance photographs taken in connection with the investigation of William Tejeda and/or any of his co-defendants, including the photographs taken on February 17, 2004 which were described in the April 19, 2004 testimony of Detective-Sergeant Sean Balcom.

GOODWIN | PROCTER

Susan M. Poswistilo, Assistant U.S. Attorney
April 29, 2004
Page 3

9. All reports of examinations and tests that William Tejeda and/or any of his co-defendants must be permitted to inspect and to copy or photograph upon request per Fed. R. Crim. P. 16(a)(1)(F). Specifically, William Tejeda requests copies of the results or reports of any physical or mental examination and of any scientific test or experiment to the extent: (i) the item is within the government's possession, custody or control; (ii) you know, or through due diligence, could know, that the item exists; and (iii) the item is material to preparing the defense of William Tejeda or any of his co-defendants and/or the government intends to use the item in its case-in-chief at trial.[1] The government's response to this request should include the laboratory analysis of the narcotics seized on March 16, 2004 to which you referred on April 28, 2004 when we appeared before Magistrate Judge Dein. The government's response should also include any voice analysis that has been performed on any recording, on whatever medium, made in connection with the investigation of Mr. Tejeda and/or any of his co-defendants.

10. A written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. Per Fed. R. Crim. P. 16(a)(1)(G), the summary provided "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

11. Statements of all prospective government witnesses. As used herein, the term "statement" means "statement" as it is used and defined in 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.

12. Transcripts of all grand jury testimony taken in connection with the indictment of William Tejeda and/or any of his co-defendants. *See* Fed. R. Crim. P. 6(e)(3)(E)(i).

13. A copy of the notification that the government has provided to relevant law enforcement agencies of their discovery obligations. *See* Local Rule 116.8.

14. Copies of all contemporaneous notes, memoranda, statements, reports, surveillance logs, tape recordings, and other documents memorializing matters relevant to the charges contained in the indictment made by or in the custody of any law enforcement officer whose agency formally participated in an

---

[1] All material and information referenced in Fed. R. Crim. P. 16(a)(1)(E) & (F) should be produced to William Tejeda as part of automatic discovery. Nevertheless, these items are being specifically requested in an excess of caution because Local Rule 116.1(C)(1)(a) has not yet caught up to the December 2002 amendments to the Federal Rules of Criminal Procedure.

GOODWIN | PROCTER

Susan M. Poswistilo, Assistant U.S. Attorney
April 29, 2004
Page 4

> investigation intended, in whole or in part, to result in a federal indictment against William Tejeda, any of his co-defendants, or any other person who was or is considered to have been part of the conspiracy charged in the indictment.

15. Copies of drafts of any and all reports that have been prepared in connection with the investigation and indictment of William Tejeda and/or any of his co-defendants. By way of example, we have received copies of typed DEA Investigation Reports covering the period of May 2003 to March 2004. Please provide all handwritten notes and drafts from which these reports were prepared.

16. A general description, including the approximate date, time, and place of any crime, wrong, or act the government proposes to offer in evidence against William Tejeda and/or against any of his co-defendants pursuant to Fed. R. Evid. 404(b).

17. A list of all prospective government witnesses.

18. A list of all persons with information relevant to the investigation and/or indictment of William Tejeda and/or any of his co-defendants, but whom the government does not anticipate calling as a witness at trial.

19. A list of documents the government proposes to introduce into evidence at trial against William Tejeda and/or against any of his co-defendants.

20. Copies of any and all documents or information that in any manner, shape or form support the allegation that William Tejeda knowingly and intentionally conspired to distribute, and to possess with the intent to distribute, cocaine as charged in Count I of the indictment.

21. Copies of any and all documents and/or any other information that supports the allegation that William Tejeda at any time joined a conspiracy to distribute, and to possess with the intent to distribute, cocaine as charged in Count I of the indictment.

22. Copies of any and all documents sufficient to show when William Tejeda joined a conspiracy to distribute, and to possess with the intent to distribute, cocaine as charged in Count I of the indictment.

23. Copies of any and all documents, and any information known to the government, that is inconsistent with or contradicts in any way any of the allegations set forth in items 20 through 22.

GOODWIN | PROCTER

Susan M. Poswistilo, Assistant U.S. Attorney
April 29, 2004
Page 5

24. Copies of any and all written statements and the substance of oral statements made by all unindicted coconspirators.

25. All information about whether any law enforcement agent participating in the investigation or trial of this case has ever been the subject of an investigation for disciplinary action or criminal prosecution for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violating the rights of a criminal suspect or defendant.

26. In addition to the exculpatory material the government is required to produce pursuant to Local Rules 116.1(C)(2) and 116.2, please provide the following specific information:

   (i) all information known to the government of any criminal, civil or administrative investigation or prosecution of any government witness;

   (ii) a statement of whether any government witness was, at any time during the investigation or prosecution of this case, on probation, parole, supervised release or some other form of government supervision, or had any criminal charges outstanding;

   (iii) any and all statements made by any government witness and/or any of William Tejeda's co-defendants regarding all promises, rewards and inducements, or favorable treatment of any kind, which the witness or co-defendant expects to receive or is trying to obtain, whether or not the government has agreed to provide such promises, rewards, inducements or treatment, and any and all statements made during negotiations as to what the government might or might not do depending on the cooperation of the government witness and/or co-defendant;

   (iv) any and all information concerning inconsistent statements, false statements and/or omissions of material fact by any government witness and/or any of William Tejeda's co-defendants during the course of interviews by law enforcement officials; and

   (v) any and all statements made by any government witness and/or any of William Tejeda's co-defendants which are inconsistent with any statement made by any other witness or co-defendant and which concern any facts material to the investigation, defense or prosecution.

GOODWIN | PROCTER

Susan M. Poswistilo, Assistant U.S. Attorney
April 29, 2004
Page 6

As used throughout these requests, the term "government" includes all branches of the Justice Department, including the Bureau of Prisons, as well as all state, local and federal police, investigative and prosecutorial agencies involved in any way in the investigation and prosecution of the crimes charged in the indictment.

Per Local Rule 116.3(A), please reply in writing to the above-listed requests no later than fourteen (14) days from now, *i.e.*, May 13, 2004. In the meanwhile, please provide all automatic discovery on or before May 3, 2004. If you anticipate any problem complying with either of these "deadlines," please let me know.

Very truly yours,

David J. Apfel

DJA:kyd

cc: William Tejeda
Thomas Quinn, Clerk to the Honorable Judith G. Dein
Elizabeth Smith, Clerk to the Honorable William G. Young
Mark D. Smith, Esq.
Michael C. Andrews, Esq.
John H. LaChance, Esq.
Page Kelley, Esq.