UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MANUEL MENDES,<br>CHRISTOPHER T. CUSTER,<br>CARMEN FIGUEROA,<br>DESIREE ALVES,<br>WILLIAM TEJEDA, and<br>JENNIFER PAVAO,<br><br>Defendants | Crim. No. 04-10098-WGY |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(3), defendant William Tejeda hereby moves this Court to modify the conditions of his pre-trial release. Mr. Tejeda moves that the conditions imposing curfew hours and electronic monitoring be withdrawn. As explained below, the curfew restriction is inhibiting Mr. Tejeda's ability to maintain employment. Given that Mr. Tejeda has demonstrated his willingness and ability to comply with all the conditions of his release, including submitting to drug testing and abiding by restrictions on his residency and travel, and that he has otherwise been an exemplary defendant, continuing to impose the curfew restriction is a tremendous hardship.

As evidence of Mr. Tejeda's compliance with the conditions of his release and full cooperation with Pretrial Services in New York, Mr. Tejeda provides the accompanying letter of support from Electronic Monitoring Specialist Mr. Leo Barrios of the New York Pretrial Services Office. Mr. Barrios "believe[s] that the condition of curfew should be deleted to afford [Mr. Tejeda] the opportunity to find work so that he can support his family and become a productive member of this society. . . ." Assistant United States Attorney Susan Poswistilo has

spoken with Mr. Barrios. AUSA Poswistilo assents to the withdrawal of the curfew and electronic monitoring conditions so long as Mr. Tejeda is working and reporting to Pretrial Services twice each week.

As further grounds for this Motion, Mr. Tejeda states as follows:

1. On April 28, 2004, Mr. Tejeda was released from custody on a $50,000 unsecured bond and other conditions of release, including participation in drug testing. Mr. Tejeda has abided, and will continue to abide, by these conditions.

2. The Order Setting Conditions of Release entered by the Court on April 28, 2004 restricted Mr. Tejeda to his residence from 2 a.m. until 3 p.m. on weekdays and from 7 p.m. until 7 a.m. on weekends. Those curfew hours were selected because, prior to his arrest, Mr. Tejeda had been employed as an elevator operator working the night shift.

3. After his release, Mr. Tejeda was unable to return to his previous job. He obtained a new job as a "backup worker" filling in for other employees on their shifts as needed.

4. For several months, Mr. Tejeda's hours were steady and he worked during the day.

5. Under the supervision of Mr. Barrios at the New York Pretrial Services Office, Mr. Tejeda had been reporting to work during the day and had been restricted to his residence at night.

6. Mr. Tejeda is no longer needed as a "backup worker" for daytime shifts. His employer asked him to begin working the night shift from 5 p.m. until midnight.

7. The policies of the New York Pretrial Services Office generally do not permit defendants with curfew restrictions to work night shifts because, among other things, it is often difficult to verify that such defendants are reporting to work as scheduled during the overnight hours.

8. Because Mr. Tejeda's hours as a "backup worker" could change regularly, withdrawing the curfew restriction would enable him to remain employable because he could work the night shift as requested. In the event that Mr. Tejeda is not able to resume work as a "backup worker," withdrawing the curfew restriction would allow Mr. Tejeda to seek other positions that would require him to work at night, thereby greatly increasing his chances of finding gainful employment.

9. It would be a tremendous personal hardship for Mr. Tejeda essentially to be rendered unemployed because of the curfew restriction.

10. The requested modification does not pose any additional significant risk that Mr. Tejeda will fail to appear. *See generally* Letter from Electronic Monitoring Specialist Mr. Leo Barrios of the New York Pretrial Services Office (attached hereto as Exhibit A).

11. Mr. Tejeda will continue to fulfill his obligations to be in contact with Pretrial Services, including providing them with his hours of employment as they change.

WHEREFORE, Mr. Tejeda respectfully requests that this Court enter an order withdrawing the conditions imposing curfew hours and electronic monitoring.

Respectfully Submitted,

WILLIAM TEJEDA

By his attorney,

*David J. Apfel /JWF*

David J. Apfel (BBO # 551139)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1000
dapfel@goodwinprocter.com

Dated: December 6, 2004

## CERTIFICATE OF SERVICE

I, Jennifer W. Fischesser, hereby certify that I have served a copy of the foregoing document by causing same to be delivered by Federal Express to the following counsel of record, this 6th day of December, 2004.

Susan M. Poswistilo, Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210

Thomas J. Ford, Esq.
141 Tremont Street
Suite 400
Boston, MA  02111

John H. LaChance, Esq.
John H. LaChance, Attorney at Law
600 Worcester Road, Suite 501
Framingham, MA  01701

Mark D. Smith, Esq.
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA  02109

Michael C. Andrews, Esq.
Law Offices of Michael C. Andrews
21 Custom House Street, Suite 920
Boston, MA  02110

Page Kelley, Esq.
c/o Federal Defenders
408 Atlantic Avenue
Boston, MA  02210

*Jennifer W. Fischesser*
Jennifer W. Fischesser

Dated:  December 6, 2004

LIBA/1420045.2

4

Case 1:04-cr-10098-WGY    Document 37    Filed 12/06/2004    Page 5 of 6

## Fischesser, Jennifer W

| | |
|---|---|
| **From:** | Leonthe_Barrios@nyspt.uscourts.gov |
| **Sent:** | Thursday, December 02, 2004 8:53 AM |
| **To:** | Fischesser, Jennifer W |
| **Subject:** | W. Tejeda |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi,

I write concerning the above named defendant who has been on supervision since 4/2004. Initially the defendant was working and maintained a curfew of 200AM-300pm as ordered in Court. Highly unusual in this district as the hours when defendant is away from his residence can not be effectively monitored. We spoke to him and he agreed to find a job within normal business hours. He was working at ABM Co doing maintenance work substituting other employees who were on vacation, however, they have returned to work. Currently he is unemployed and the only work he can find is at night. As stated above, this is inconsistent with our home detention policy as we can not monitor Tejeda's work hours.

Looking at the defendant's background, I do however believe that the conditions should be modified for the following reasons; the defendant was born in the US and has maintained stable residence for the past eight years living with his girlfriend and their children. They are currently expecting a child and he has numerous ties in the US. Per the bail report prepared in Boston, their only concern with respect to flight is the ties he has in the NY area. Well, continued supervision in this district will ensure his return to Court when needed. With respect to danger, they cited the instant offense which could also be addressed by reporting in to the office. If employed, this also reduces this risk.

The defendant has adhered to all conditions of bail, has tested negative for all substances and has made all Court appearances. I went to his residence last night and he was home with his wife and children. The defendant last report date was in person on Monday. We believe that the condition of curfew should be deleted to afford the defendant the opportunity to find work so that he can support his family and become a productive member of this society and address the concerns cited in the bail report prepared in Boston. We recommend that all other conditions including strict supervision, drug testing/treatment shall remain in full force.

Thanks in advance and I'm sorry for the delay in submitting this email to you.

Leo Barrios
Electronic Monitoring Specialist
500 Pearl St., Rm 550
NY, NY 10007