UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MANUEL MENDES, )<br>CHRISTOPHER T. CUSTER, )<br>CARMEN FIGUEROA, )<br>DESIREE ALVES, )<br>WILLIAM TEJEDA, and )<br>JENNIFER PAVAO, )<br>)<br>Defendants. )<br>) | Crim. No. 04-10098-WGY |

## DEFENDANT WILLIAM TEJEDA'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF UNLAWFUL SEIZURE OF CAR ON FEBRUARY 10, 2004

Pursuant to the Fourth Amendment of the United States Constitution, defendant William Tejeda hereby moves this Court to suppress all evidence obtained as a result of the unlawful stop of the red van he was driving on or about February 10, 2004, including but not limited to:

1. All items seized from the Toyota Camry driven by Catalin Canelo and co-defendant Christopher T. Custer on March 16, 2004, including a black bag containing approximately 500 grams of suspected cocaine, $15,300 in cash, including $12,000 which was contained in a black plastic bag/wrapping, and a Nextel cellular telephone;

2. All items seized from the persons of Mr. Custer and Ms. Canelo after they were stopped in the Toyota Camry and arrested on March 16, 2004, including a Nokia cellular telephone and a Sprint cellular telephone which were seized from Ms. Canelo, and a Nextel telephone, $292 in cash, wallet, business cards and driver's license which were seized from Mr. Custer;

3. All post-arrest statements made by Mr. Custer and Ms. Canelo;

4. All items seized from Mr. Tejeda's person and from his locker after he was arrested on March 16, 2004, including Mr. Tejeda's wallet and its contents, various business cards, a New York driver's license, Dodge car keys, $11 in cash, a green clear plastic Motorola pager, a Sprint cellular telephone and an additional $1,309 in cash; and

     5.     All post-arrest statements allegedly made by Mr. Tejeda.

As grounds for this motion, Mr. Tejeda states that the investigatory stop that ultimately resulted in the seizure of the evidence and the procurement of the statements was conducted without reasonable suspicion to believe the driver of the red van was committing, had committed or was about to commit a crime. Furthermore, there was not probable cause to believe a traffic violation was occurring or had occurred at the time the red van was stopped. The stop enabled law enforcement to learn Mr. Tejeda's identity and was the basis for the surveillance of *Mr. Tejeda*, as opposed to surveillance of the red van, that ensued after February 10, 2004. Because the stop was unlawful, the evidence obtained as a result of the stop, including all evidence seized on March 16, 2004, must be suppressed as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963); *see also United States v. Kimball*, 25 F.3d 1, 5-6 (1st Cir. 1994) ("if the initial stop of the vehicle was illegal, evidence seized by virtue of that stop … may be subject to exclusion under the 'fruit of the poisonous tree' doctrine") (citing *Wong Sun*, 371 U.S. at 484-85).

As further grounds for this motion, Mr. Tejeda submits the accompanying Affidavit and Memorandum of Law, which have been filed under seal with the Clerk's office pursuant to the Protective Order dated April 9, 2004 and filed with the Court on May 17, 2004.

Respectfully Submitted,

WILLIAM TEJEDA

By his attorneys,

**/s/ David J. Apfel**

David J. Apfel (BBO # 551139)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1000
dapfel@goodwinprocter.com

Dated March 17, 2005

LIBA/1484869.1