UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 04-10098-WGY |
| | ) | |
| CARMEN FIGUEROA and | ) | **FILED *EX PARTE* AND UNDER SEAL** |
| WILLIAM TEJEDA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT WILLIAM TEJEDA'S *EX PARTE* MOTION FOR FUNDS
TO ENGAGE AN EXPERT WITNESS**

Pursuant to subsection (e) of the Criminal Justice Act, 18 U.S.C. § 3006A, defendant

William Tejeda hereby moves, *ex parte*, that this Court authorize the expenditure of up to Six

Thousand Dollars ($6,000.00), or such other amount as this Court may deem reasonable, for the

engagement of an expert in the field of clinical pharmacology and toxicology. In support of this

Motion, Mr. Tejeda states as follows:

1.      Mr. Tejeda has been charged in this matter with conspiracy to distribute, and to

possess with the intent to distribute, cocaine base. Cocaine base is commonly, albeit imprecisely

and inaccurately, referred to as "crack" cocaine. *See, e.g., United States v. Thomas*, 360 F. Supp.

2d 238, 239 (D. Mass. March 14, 2005) (Ponsor, J.) (observing that crack cocaine is but one

variety of cocaine base).

2.      Mr. Tejeda qualified for appointment of counsel under the Criminal Justice Act,

and undersigned counsel was appointed to represent him in this matter.

3.      The Criminal Justice Act permits courts to authorize expenditures for expert services where retention of the expert is "necessary for adequate representation." *See* 18 U.S.C. § 3006A(e)(1). The defendant may apply *ex parte* for such authorization.

4.      This motion is submitted *ex parte* so as to preclude the government from invading defense counsel's work product and/or from unnecessarily learning of Mr. Tejeda's trial strategy.

5.      Mr. Tejeda has not yet retained an expert, but counsel for Mr. Tejeda have contacted and interviewed Dr. David M. Benjamin, an expert clinical pharmacologist and toxicologist.

6.      If called as a witness, Dr. Benjamin is expected to testify that visual inspection of narcotics is an insufficient method by which to determine whether a substance is "crack" cocaine. He is further expected to testify that whether a substance is "hard" or "soft" or is a particular color is an insufficient indicator of whether the substance is or is not "crack" cocaine, and that identification by visual inspection alone does not meet the standard of care in the scientific community.

7.      Consistent with the findings of Judge Ponsor in *Unites States v. Thomas*, 360 F. Supp. 2d 238 (March 14, 2005), as well as numerous courts of appeals, Dr. Benjamin is also expected to testify that: (i) "cocaine base" is not synonymous with "crack cocaine"; (ii) crack cocaine is a particular type, *i.e.*, a subcategory, of cocaine base; and (iii) to the extent that cocaine is seized in multiple pieces or rocks, the testing positive of one or two pieces as "crack cocaine" is not a reliable indicator as to whether the untested pieces/rocks are also "crack cocaine."

8.      Dr. Benjamin's testimony is relevant and necessary to effectively rebut the testimony of Detective Sergeant Sean Balcom and the anticipated testimony of Michelle G. Camilleri, a DEA forensic chemist, and possibly others.

9.      Whether the alleged conspiracy involved powder cocaine or cocaine "base" or "crack" cocaine or all of the above is significant under the relevant statutory provisions, 21 U.S.C. §§ 841 and 846, and directly relevant to: (i) whether Mr. Tejeda may be found guilty of the charged conspiracy (*i.e.*, a conspiracy to distribute cocaine "base"); and (ii) potential sentencing.

10.     Dr. Benjamin has estimated that the time required for him to prepare to testify and to testify in this matter will be approximately twenty (20) hours.

11.     Dr. Benjamin has indicated that because this case involves an indigent defendant with appointed counsel, he will not charge his usual rate of $400 per hour for out-of-court time and $500 for in-court time.  Instead, he has agreed to perform the requested services at an across-the-board reduced rate of $300 per hour.

12.     Accordingly, Dr. Benjamin's expert services may cost up to approximately Six Thousand Dollars ($6,000).

3

WHEREFORE, Mr. Tejeda respectfully requests that the Court authorize the expenditure of up to Six Thousand Dollars ($6,000), or such other amount as the Court deems reasonable, to enable Mr. Tejeda to engage and call Dr. David M. Benjamin as an expert witness.

Respectfully Submitted,

WILLIAM TEJEDA

By his attorneys,

David J. Apfel (BBO # 551139)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1000
dapfel@goodwinprocter.com

Dated: May 9, 2005

LIBA/1536977.1

4