UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 04-10098-WGY |
| ) | |
| CARMEN FIGUEROA and ) | |
| WILLIAM TEJEDA, ) | |
| ) | |
| Defendants. ) | |

## <u>MOTION TO BIFURCATE DEFENDANT TEJEDA'S CASE-IN-CHIEF FROM THAT OF DEFENDANT FIGUEROA</u>

Defendant William Tejeda hereby moves, with the assent of co-defendant Carmen Figueroa, to bifurcate his case-in-chief from that of his co-defendant.  In order to protect Mr. Tejeda's right to a fair trial and to avoid the undue prejudice to Mr. Tejeda that will inevitably flow from Ms. Figueroa's case-in-chief, Mr. Tejeda requests that the two defense cases be separated from one another.  More specifically, Mr. Tejeda requests that the Court use the following procedure with respect to the remainder of the trial:

i.    The government completes its case-in-chief.

ii.   Mr. Tejeda puts on his case-in-chief.  (Mr. Tejeda currently anticipates calling two witnesses: (i) an expert witness concerning crack and powder cocaine; and (ii) a law enforcement officer who would testify as to prior inconsistent statements of other government witnesses.  Mr. Tejeda anticipates that, with cross-examination, his case-in-chief should last less than two hours.)

iii.  The government puts on its rebuttal case, if any, as against Mr. Tejeda.

iv.   The jury hears closing arguments and deliberates concerning Mr. Tejeda's case.

v.    After the jury returns its verdict as to Mr. Tejeda, the trial resumes with Ms. Figueroa's case-in-chief.

vi.     The government puts on its rebuttal case, if any, as against Ms. Figueroa.

vii.    Closing arguments and jury deliberations as to Ms. Figueroa.

The bifurcated procedure recommended here has been utilized with success by several courts. *See*, *e.g.*, *United States v. Joshi*, 896 F.2d 1303, 1306-09 (11th Cir. 1990) (finding no error in bifurcation, employed to avoid taint of co-defendants' testimony potentially implicating another defendant); *United States v. Dohm*, 597 F.2d 535, 538-40 (5th Cir. 1979) (finding bifurcated summation jury deliberation procedure, designed to avoid prejudice to defendant of co-defendant's defense, proper).

In further support of his request that the proposed bifurcated procedure be utilized here, Mr. Tejeda states:

1.      Mr. Tejeda and Ms. Figueroa are charged with being two members of a larger crack cocaine distribution conspiracy. As the Court knows from the parties' opening statements, and certain pretrial submissions, Mr. Tejeda's defense is lack of involvement. In contrast, Ms. Figueroa admits her involvement in the conspiracy, but advances a duress defense. As a theoretical matter, the defenses being pursued by Mr. Tejeda and Ms. Figueroa are not necessarily at odds. This will, however, change once Ms. Figueroa puts on her case-in-chief.

2.      The nature of Ms. Figueroa's defense is such that she must and will testify. The lion's share of her testimony will concern her history of abuse and domination at the hands of Manuel Mendes. It is also anticipated that, at least on cross-examination by the government, Ms. Figueroa would testify as to alleged meetings and communications between herself and Mr. Tejeda. Any such testimony would be in direct conflict with Mr. Tejeda's non-involvement defense.

3.      If the jury is permitted to consider Ms. Figueroa's anticipated testimony as part of its deliberations with respect to Mr. Tejeda, the government will receive a windfall benefit to

which it is not entitled. Of course, the Fifth and Sixth Amendments preclude the government

from calling Ms. Figueroa as a witness in its case-in-chief. The fortuity of a joint trial of Mr.

Tejeda and Ms. Figueroa should not enable the government to obtain through co-defendant's

case what it could not obtain through its own. *Cf. United States. v. Figueroa*, 618 F.2d 934, 940

(2nd Cir. 1980) (the advantages to the prosecution of a joint trial do not include being able to

introduce evidence as to one defendant on grounds available, if at all, as to co-defendants).

    4.    The bifurcated procedure proposed in this Motion would preclude the government

from introducing evidence against Mr. Tejeda that it is constitutionally barred from introducing

during its case-in-chief. The proposed bifurcated procedure would, thereby, protect Mr. Tejeda's

right to a fair trial.

    5.    The proposed bifurcated procedure has been utilized successfully in other cases.

*See*, *e.g.*, *Joshi*, 896 F.2d at 1306-09; *Dohm*, 597 F.2d at 538-40. *Joshi* is particularly instructive.

There, in a narcotics case, the district court allowed the jury to deliberate and reach a verdict

with respect to one defendant (Joshi) following the close of the government's case but before the

co-defendants (the Panchals) presented their defense to the same jury. The bifurcated procedure

was utilized specifically to avoid the prejudice to Joshi that would result from his co-defendants'

anticipated testimony. *Joshi*, 896 F.2d at 1306-07. Mr. Tejeda requests that this Court utilize the

same bifurcated procedure used in *Joshi* and for the same reason, namely, to avoid the undue

prejudice to Mr. Tejeda that will inevitably result from his co-defendant's anticipated cross-

examination testimony.

    6.    Independent of the undue prejudice to Mr. Tejeda that would result from Ms.

Figueroa's anticipated cross-examination testimony, all of the affirmative evidence Ms. Figueroa

intends to put on in support of her duress defense is entirely irrelevant and unduly prejudicial in

its own right as to Mr. Tejeda. This affirmative evidence will concern a long history of abuse

and domination that Ms. Figueroa purportedly suffered at the hands of Manuel Mendes. The

evidence will go back more than ten years to Ms. Figueroa's first pregnancy at age 13, and will

include substantial references to acts of brutality and violence wholly unrelated to the alleged

drug conspiracy at issue in this case. The evidence is entirely irrelevant to the case against Mr.

Tejeda. Furthermore, it will unfairly prejudice Mr. Tejeda insofar as it associates him with the

beast that is Manuel Mendes. *See generally Figueroa*, 618 F.2d at 945-48 (noting different

nature of Rule 403 inquiry in particular context of joint trial and holding defendants were entitled

to new trial because of risk of prejudice to them from introduction of prior crime evidence

offered against their co-defendant).

7.      Although in certain cases a limiting instruction might be able to cure the

inevitable prejudice that will befall Mr. Tejeda from Ms. Figueroa's duress evidence, here a

limiting instruction will not work in light of the extreme nature and quantity of the anticipated

evidence. As Mr. LaChance explained in his opening, the duress evidence will include evidence

of restraining orders, rape, and extraordinary intimidation amounting to torture. Moreover, Mr.

LaChance informs undersigned counsel that the duress evidence will be introduced through as

many as five witnesses, including an expert, Ms. Figueroa and friends and family members. The

sheer volume of the evidence, which Mr. LaChance anticipates will take three full days of trial

testimony, let alone its powerful nature, will undermine the effect of a limiting instruction. In

contrast, the proposed bifurcated procedure would eliminate the possibility of unfair prejudice to

Mr. Tejeda.

8.      The proposed bifurcation will not significantly lengthen the trial; indeed, it may

not lengthen it at all. The government's case-in-chief will be unaffected. Thereafter, the same

evidence and arguments that otherwise would be presented will follow, except that the government's cross-examination of Ms. Figueroa would be shorter, and Mr. Tejeda's cross-examination of Ms. Figueroa (which would be extensive) would be eliminated.  The only extra time consumed by the bifurcated procedure would be in the government having to give two closings rather than one, the Court needing to give two sets of jury instructions, and by there being two separate jury deliberations.  It is difficult to imagine all of these "extras" adding more than a day, if that, to the trial.  The slight cost in efficiency that may result from the proposed bifurcation will be far outweighed by the interest in fairness and due process that will be achieved by the proposal.

9.     Ms. Figueroa has assented to the proposed bifurcated procedure.  Through counsel, she has determined that the proposal, if implemented, will not prejudice her, even though the jury that deliberates as to her will already have deliberated as to Mr. Tejeda.  *See, e.g., United States v. Zarnes*, 33 F.3d 1454, 1471-72 (7th Cir. 1994) (finding that defendant, whose case was decided after the same jury found co-defendant guilty in bifurcated proceeding, could not claim denial of right to an impartial jury because he had consented to the bifurcation procedure); *Joshi*, 896 F.2d at 1306-09 (same).

10.     The government will not be prejudiced in the slightest by the proposed bifurcation.  All the evidence it intends to introduce as to each defendant, it will still be able to introduce.  And all the arguments it hopes to make, it will still be able to make.  In contrast, Mr. Tejeda would be severely and unfairly prejudiced by the jury's consideration of Ms. Figueroa's case-in-chief evidence in its deliberations as to Mr. Tejeda.

WHEREFORE, Mr. Tejeda requests that the Court bifurcate his case-in-chief from that of Ms. Figueroa, and effectively proceed with a bifurcated trial after the close of the government's case-in-chief.

Respectfully Submitted,

WILLIAM TEJEDA

By his attorneys,

**/s/ David J. Apfel_____**

David J. Apfel (BBO # 551139)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1000
dapfel@goodwinprocter.com

Dated May 12, 2005

LIBA/1538750.2