UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Crim. No. 04-10098-WGY<br>CARMEN FIGUEROA and )<br>WILLIAM TEJEDA, )<br>)<br>         Defendants. )<br>) | |

## PROPOSED JURY INSTRUCTIONS

Defendant William Tejeda respectfully requests that in addition to its standard instructions on burden of proof, presumption of innocence, unanimity of verdict, separateness of deliberations as to each defendant, right of defendant not to testify, law enforcement officers being no more or less reliable than other witnesses, and the standard conspiracy instruction, that the Court give the attached proposed instructions on "Evidence," "Identification Testimony," "Voice Identification" and "Law Enforcement Witnesses."

        Respectfully Submitted,

        WILLIAM TEJEDA

        By his attorneys,

        **/s/ David J. Apfel**

        David J. Apfel (BBO # 551139)
        Jennifer W. Fischesser (BBO # 651480)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109-2881
        617-570-1000
        dapfel@goodwinprocter.com

Dated May 17, 2005

1.      **EVIDENCE**

Evidence includes the testimony of witnesses, documents received as exhibits and marked with numbers, and the stipulations of the parties.  Evidence does not include the objections of the attorneys, or the opening statements and closing arguments of the attorneys, or questions put in cross-examination that are not adopted by the witness.  Likewise, evidence does not include observations you may have made inside or outside of court, other than observations of the witnesses themselves on the witness stand.  Your verdict must be based solely on the evidence and on the law as I give it to you in these instructions.

Adopted from First Circuit Pattern Jury Instructions: Criminal Cases (1998), Instructions 1.05 and 6.02.

## 2.     IDENTIFICATION TESTIMONY

An important issue in Mr. Tejeda's case is the identification of him as a participant in the charged conspiracy. The government has the burden of proving identity, beyond a reasonable doubt. It is not essential that witnesses be free from doubt as to the correctness of their identification of the defendant(s). However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of Mr. Tejeda before you may convict him. If you are not convinced beyond a reasonable doubt that Mr. Tejeda was a knowing participant in the charged conspiracy, you must find him not guilty.

Identification testimony is an expression of belief on the part of the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and, later, to make a reliable identification of the offender.

You have heard the arguments of counsel on this subject, and I will not repeat them here. I will only suggest to you that you should consider the following matters: Did the witness have the ability to see the offender at the time of the offense? Has the witness's identification of the defendant as the charged conspiracy's source of supply in New York been influenced in any way? Has his or her identification been unfairly suggested by events that occurred since the time of the offense? Is his or her recollection accurate?

If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him or her for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and the next opportunity of the witness to see Mr. Tejeda, as a factor bearing on the reliability of the identification.

  In addition, you should consider the credibility of the identification witness just as you would any other witness.

  Let me repeat, the burden is on the prosecution to prove every element of the crime charged beyond a reasonable doubt, including the identity of the defendant as the offender. Therefore, if, after examining all of the evidence, you find that a crime was committed, but you have a reasonable doubt about whether it was Mr. Tejeda who committed the crime, you must find him not guilty.


Adopted from L.B. Sand, et al., 1 <u>Modern Federal Jury Instructions: Criminal</u>, Instruction 7-20 (2004) and *United States v. Telfaire*, 469 F.2d 552, 558 (D.C. Cir. 1972).

### 3. VOICE IDENTIFICATION

Throughout the trial, you have heard conversations that were recorded. This is proper evidence for you to consider. However, the testimony of witnesses as to their identification of the voices on the recordings must be evaluated carefully. You, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of Mr. Tejeda before you may convict him. If you are not convinced beyond a reasonable doubt that Mr. Tejeda was a knowing participant in the charged conspiracy, you must find him not guilty.

Adopted from First Circuit Pattern Jury Instructions: Criminal Cases (1998), Instruction 2.08 and L.B. Sand, et al., 1 Modern Federal Jury Instructions: Criminal, Instruction 7-20 (2004).

## 4.    LAW ENFORCEMENT WITNESSES

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adopted from L.B. Sand, et al., 1 <u>Modern Federal Jury Instructions: Criminal</u>, Instruction 7-16 (2004).

LIBA/1539685.3