UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Crim. No. 04-10098-WGY<br>CARMEN FIGUEROA and )<br>WILLIAM TEJEDA, )<br>)<br>Defendants. ) | |

## PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

Defendant William Tejeda respectfully requests that the Court give the attached proposed instructions on "Immunity of A Government Witness," "Co-defendant's Cooperation Agreement" and "Consideration of Guilty Pleas" in addition to its standard instructions and to the proposed instructions previously submitted by Mr. Tejeda.

Respectfully Submitted,

WILLIAM TEJEDA

By his attorneys,

*/s/ Jennifer W. Fischesser*

David J. Apfel (BBO # 551139)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1000
dapfel@goodwinprocter.com

Dated May 17, 2005

### 1. IMMUNITY OF A GOVERNMENT WITNESS

You have heard the testimony of Amanda Eldridge, a witness who has testified under a grant of immunity from this Court. What this means is that the testimony of Ms. Eldridge may not be used against her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness' testimony, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that she can win her own freedom by helping to convict another, has a motive to falsify her testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

Adopted from L.B. Sand, et al., 1 Modern Federal Jury Instructions: Criminal, Instruction 7-9 (2004) and *United States v. Simonelli*, 237 F.3d 19, 28 (1st Cir. 2001).

### 2. CO-DEFENDANT'S COOPERATION AGREEMENT

In this case, there has been testimony from Desiree Alves, a witness who pled guilty after entering into an agreement with the government to cooperate. The testimony of Ms. Alves was given in the hope that she would receive a reduction of sentence on account of her cooperation.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict a defendant on the basis of this testimony, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that she may receive a lighter sentence by giving testimony favorable to the prosecution has a motive to testify falsely. Therefore, you must examine her testimony with caution and weigh it with great care. If, after scrutinizing her testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Adopted from L.B. Sand, et al., 1 Modern Federal Jury Instructions: Criminal, Instruction 7-11 (2004) and *United States v. Gonzalez-Soberal*, 109 F.3d 64, 70 (1st Cir. 1997).

### 3.    CONSIDERATION OF GUILTY PLEAS

You have heard testimony from Desiree Alves, a government witness who pled guilty to the same charge that has been brought against Mr. Tejeda. You have also heard testimony about other individuals who pled guilty in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Mr. Tejeda from the fact that a prosecution witness pled guilty to the same charges, or from the fact that other individuals pled guilty in this case. Ms. Alves' decision to plead guilty, and that of the other individuals who pled guilty, were personal decisions about their own guilt. The guilty pleas of Ms. Alves and the other individuals may not be used by you in any way as evidence against or unfavorable to Mr. Tejeda.

Adopted from L.B. Sand, et al., 1 Modern Federal Jury Instructions: Criminal, Instruction 7-10 (2004) and *United States v. Robbio*, 186 F.3d 31, 41 (1st Cir. 1999).

LIBA/1547350.1