UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 04-10098-WGY |
| CARMEN FIGUEROA and | ) |
| WILLIAM TEJEDA, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT WILLIAM TEJEDA'S MOTION TO CONTINUE CONDITIONS OF RELEASE PENDING SENTENCING

Defendant William Tejeda hereby moves this Court to continue the conditions of his pretrial release pending sentencing. In support of this Motion, Mr. Tejeda states as follows.

1. The statutory provision governing release pending sentencing provides that a person who has been found guilty of a drug-related offense with a maximum term of imprisonment of ten years or more and who is awaiting imposition of a sentence shall be detained unless "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" and "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. §§ 3143(a)(2)(A)(i) & (a)(2)(B).

2. Mr. Tejeda requests that the Court look to caselaw interpreting the statutory provision governing release pending appeal, 18 U.S.C. § 3143(b), for guidance as to whether there is a "substantial likelihood" that his motion for a new trial will be granted. Defendants seeking release under section 3143(b) must show, among other things, that their appeals "raise[ ] a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence … ."  18 U.S.C. § 3143(b)(1)(B).

      3.      To satisfy the "substantial question of law or fact" requirement, it is not necessary for a defendant to show the Court that the convictions are "likely to be reversed." *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985).  The availability of bail pending appeal is not subject to a "'Catch-22' interpretation," in which the defense must persuade the Court to concede the likelihood of reversal.  *Id*. at 522-23.  Instead, the standard "is applied flexibly – a question that can be regarded as 'close' will often suffice."  *United States v. Colon-Munoz*, 292 F.3d 18, 20 (1st Cir. 2002).  So too will an issue "that very well could be decided the other way."  *Bayko*, 774 F.3d at 523.

      4.      In Mr. Tejeda's case, there are at least two grounds each of which presents a "substantial likelihood" that Mr. Tejeda's motion for a new trial will be granted.  While either ground is independently sufficient to establish the requisite "substantial likelihood," the two grounds considered together further increase the likelihood that a new trial will be granted.

      5.      First, the throat-slitting gesture that two jurors reportedly observed made by Mr. Tejeda's grandfather irrevocably tainted the jury.  The Court's denial of Mr. Tejeda's repeated motions for a mistrial based on the impossibility of the jurors deciding the case based solely on the evidence compromised Mr. Tejeda's constitutional right to a fair trial.

      6.      In further support of his argument that there is a "substantial likelihood" that a new trial will be granted on the jury contamination issue, Mr. Tejeda incorporates herein by reference all the arguments he has previously advanced in support of his Motion for Mistrial

(Dkt. No. 99), Renewed Motion for Mistrial (Dkt. No. 105) and all motions and renewed motions made orally before the Court.

7. The second ground on which there is a "substantial likelihood" that Mr. Tejeda will be granted a new trial is the Court's abuse of discretion in denying Mr. Tejeda's Motion to Sever his trial from that of co-defendant Carmen Figueroa and his Motion to Bifurcate his Case-in-Chief from that of Defendant Figueroa.

8. As Mr. Tejeda argued before the Court, *United States v. Johnson*, 478 F.2d 1129 (5th Cir. 1973), persuasively sets forth the reasons why bifurcation was necessary in this case. Here, as in *Johnson*, the principal defense of one defendant (Mr. Tejeda) was non-involvement, whereas that of the co-defendant (Figueroa) was, in effect, lack of intent. *Id*. at 1132. The potential antagonism between these defenses manifested itself during the government's cross-examination of Ms. Figueroa. As in *Johnson*, the government's best evidence against Mr. Tejeda came in through his co-defendant's testimony. *Id*. at 1133. Permitting the testimony constituted an abuse of discretion which unfairly prejudiced Mr. Tejeda to the point that there is a "substantial likelihood" that he will be granted a new trial.

9. In further support of his argument that there is a "substantial likelihood" that a new trial will be granted because of the Court's denial of his motions to sever and motion to bifurcate, Mr. Tejeda incorporates herein by reference all the arguments he has previously advanced in support of his Motion to Sever (Dkt. No. 43), Motion to Bifurcate his Case-in-Chief from that of Defendant Figueroa (Dkt. No. 104), and all motions and renewed motions made orally before the Court.

10. As for the second prong of the test set forth in § 3143(a)(2)(B), Mr. Tejeda does not pose a flight risk. To the contrary, he was released from custody on April 28, 2004 on a $50,000 unsecured bond and other conditions of release, including surrender of his passport. Mr. Tejeda has demonstrated his willingness and ability to comply with those conditions, including submitting to drug testing, abiding by restrictions on his residency and travel and making all Court appearances.

11. Furthermore, while on pretrial release, Mr. Tejeda has provided for his family, including his two young children, by maintaining employment as a "backup worker," filling in for other employees on their shifts as needed. Although there have been periods when no "backup workers" were required, Mr. Tejeda has worked whenever work was available and has continued to seek a permanent position. He will resume working and/or seeking permanent employment while he awaits imposition of his sentence.

12. Mr. Tejeda has very strong ties to his family in New York and Massachusetts. Several family members, including his grandparents, wife, children and uncles, have been here to support him at various points throughout the trial.

13. Nor does Mr. Tejeda pose a danger to any other person or to the community at large. In its April 2004 Report, the Boston Pretrial Services Office cited two concerns with respect to dangerousness: (i) the charged offense, and (ii) cocaine and marijuana use. Despite the cited concerns, Mr. Tejeda has been living in the community for over one year without incident or complaint. Moreover, he has submitted to drug testing as one of the conditions of his release and has consistently tested negative for all substances. The imposed conditions, if continued, are sufficient to address any perceived safety concerns.

14. Should the Court determine that Mr. Tejeda does not meet the conditions of 18 U.S.C. § 3143(a)(2), Mr. Tejeda respectfully requests that he be released pending sentencing pursuant to 18 U.S.C. § 3145(c), which provides that a person subject to detention pursuant to 18 U.S.C. § 3143(a)(2) may be released on conditions "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Such person must also meet the conditions of release set forth in 18 U.S.C. § 3143(a)(1). *Id.* That provision requires the Court to find, by clear and convincing evidence, that "the person is not likely to flee or pose a danger to the safety of any other person or the community" if released on an appearance bond or appropriate conditions. 18 U.S.C. § 3143(a)(1).

15. Although section 3145(c) applies on its face to defendants who have appealed detention orders, some courts have applied the provision to "post-plea and pre-sentence, non-appellate situations." *United States v. Carretero*, No. 98-CR-418, 1999 WL 1034508 (N.D.N.Y. Nov. 4, 1999).

16. As explained above, Mr. Tejeda does not pose a flight risk and he does not pose a danger to any individual or to the community.

17. Furthermore, there are exceptional reasons why Mr. Tejeda's detention pending sentencing would be inappropriate. His family obligations, including caring for his son and infant daughter and providing for them through his employment, his compliance with the conditions of his pretrial release and full cooperation with pretrial services and the fact that he poses no risk of danger constitute exceptional reasons to release Mr. Tejeda pending his sentencing. In a word, Mr. Tejeda has been a model citizen while out on bail pending trial. There is no reason to believe he would be anything different pending sentencing.

6

WHEREFORE, Mr. Tejeda respectfully requests that this Court enter an order continuing the conditions of his release pending sentencing.

        Respectfully Submitted,

        WILLIAM TEJEDA

        By his attorneys,

        **/s/ David J. Apfel**

        David J. Apfel (BBO # 551139)
        Jennifer W. Fischesser (BBO # 651480)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109-2881
        617-570-1000
        dapfel@goodwinprocter.com

Dated May 20, 2005

LIBA/1549348.1