UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARMEN FIGUEROA and<br>WILLIAM TEJEDA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Crim. No. 04-10098-WGY<br>)<br>)<br>)<br>)<br>) |

# DEFENDANT WILLIAM TEJEDA'S MOTION FOR INTERIM FUNDS FOR PAYMENT OF EXPERT

In accordance with subsection (e) of the Criminal Justice Act, 18 U.S.C. § 3006A, and paragraph 3.06A of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, Volume VII, *Guide to Judiciary Policies and Procedures* ("CJA Guidelines"), defendant William Tejeda hereby moves that this Court authorize the interim payment of Two Thousand One Hundred Seventy Five Dollars ($2,175.00) to Dr. David M. Benjamin as compensation for expert services rendered in May 2005. In support of this Motion, Mr. Tejeda states:

1.    On May 9, 2005 Mr. Tejeda filed an *Ex Parte* Motion for Funds to engage Dr. David M. Benjamin as an expert clinical pharmacologist and toxicologist in the above-captioned matter (Dkt. No. 102).

2.    On that same day, the Court granted Mr. Tejeda's motion authorizing the expenditure of up to Six Thousand Dollars ($6,000.00) for Dr. Benjamin's expert services.

3.  From May 6 through May 13, 2005, Dr. Benjamin worked with counsel for Mr. Tejeda in anticipation of testifying at Mr. Tejeda's trial.

4.  On May 13, 2005, the Court ruled that Dr. Benjamin would not be permitted to testify at trial. The Court, however, indicated that Dr. Benjamin would be permitted to testify in relation to sentencing should sentencing be necessary.

5.  Mr. Tejeda was convicted by a jury on May 20, 2005. His Motion for a New Trial was denied on July 21, 2005.

6.  The Court has set an evidentiary hearing for September 8, 2005 to address sentencing issues. Dr. Benjamin will testify at the hearing. Thus it will be several months before Dr. Benjamin's participation in this case has concluded.

7.  As indicated in Mr. Tejeda's Motion for Funds to Engage an Expert Witness, because this case involves an indigent defendant with appointed counsel, Dr. Benjamin is not charging his usual rate of $400 per hour for out-of-court time and $500 for in-court time. Instead, he has agreed to perform the requested services at an across-the-board reduced rate of $300 per hour.

8.  The charges for Dr. Benjamin's services through May 2005 total Two Thousand One Hundred Seventy Five Dollars ($2,175.00).

9.  The Court is permitted to authorize interim payments to individuals whose services are obtained pursuant to subsection (e) of the Criminal Justice Act, 18 U.S.C. § 3006A, "[w]here it is considered necessary and appropriate." CJA Guidelines ¶ 3.06A.

10. Dr. Benjamin is a solo practitioner who runs his own office. His practice depends upon timely receipt of payments for services rendered. Since Dr. Benjamin's services in this matter will not be completed until September 2005, it is "necessary and appropriate" that Dr. Benjamin receive prompt payment for services he performed in May 2005, already two months ago.

WHEREFORE, Mr. Tejeda respectfully requests that the Court order that one interim payment of Two Thousand One Hundred Seventy Five Dollars ($2,175.00) be made to Dr. Benjamin at the present time, with a final payment to be made to Dr. Benjamin after his participation in this case has concluded.

Respectfully Submitted,

WILLIAM TEJEDA

By his attorneys,

/s/ David J. Apfel

David J. Apfel (BBO # 551139)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1000
dapfel@goodwinprocter.com

Dated: July 22, 2005

## LOCAL RULE 7.1 CERTIFICATION

I, Jennifer W. Fischesser, hereby certify that on July 22, 2005, I conferred with Assistant United States Attorney Susan Poswistilo about the issue presented in this Motion. AUSA Poswistilo would not assent to the Motion but stated that she would take no position on the issue presented herein.

/s/ Jennifer W. Fischesser

Jennifer W. Fischesser (BBO # 651480)

LIBA/1564823.1

3