# EXHIBIT 3

**GOODWIN | PROCTER**

David J. Apfel
617.570.1970
dapfel@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

August 1, 2005

**By Hand**

Susan M. Poswistilo, Esq.
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210

Re:   *United States v. Carmen Figueroa and William Tejeda,*
      *Criminal No. 04-CR-10098 WGY*

Dear Susan:

In accordance with Fed. R. Crim. P. 16, defendant William Tejeda hereby discloses that pursuant to Fed. R. Evid. 702, 703 and 705 he expects to call Dr. David M. Benjamin to testify at the evidentiary hearing scheduled for September 8, 2005.

As previously disclosed, Dr. Benjamin is a clinical pharmacologist and toxicologist. He is a former clinical research director in the pharmaceutical industry and has worked for companies such as Pfizer Pharmaceuticals, Hoffmann-La Roche, Inc. and William H. Rorer, Inc. Dr. Benjamin has published extensively on topics including forensic toxicology. He is a Fellow in the American Academy of Forensic Sciences (Toxicology), and has taught at several law schools, including Stetson University College of Law, Fordham University School of Law and George Washington University School of Law. Dr. Benjamin has been qualified and testified as an expert on numerous occasions in federal and state court cases involving alcohol, pharmaceuticals and/or illegal narcotics. We previously provided you with a copy of Dr. Benjamin's CV. For ease of reference, another copy of the CV is enclosed.

Dr. Benjamin will testify generally concerning the similarities and differences between and among "cocaine powder," "cocaine base," and "crack cocaine." His testimony will be consistent with the findings of Judge Ponsor in *United States v. Thomas*, 360 F. Supp. 2d 238 (March 14, 2005). Specifically, with regard to "cocaine base" and "crack cocaine," he will testify that:

(i)   "Cocaine base" is not synonymous with "crack" cocaine. It is inaccurate to equate the two.

Susan M. Poswistilo, Esq.
August 1, 2005
Page 2

    (ii)    "Crack" cocaine is a particular type, *i.e.*, a subcategory, of "cocaine base."

    (iii)    "Cocaine base" may or may not contain sodium bicarbonate (and, indeed, in its purest form, "cocaine base" does not contain sodium bicarbonate or any other ether insoluble substance). In contrast, "crack" cocaine almost always contains sodium bicarbonate. Sodium bicarbonate may accurately be called the signature of "crack" cocaine. It is difficult, if not impossible, to reliably identify a substance as "crack cocaine" if it does not test positive for sodium bicarbonate.

    (iv)    Several non-crack forms of cocaine have the same visual appearance as "crack" cocaine. These forms include free base and compressed cocaine salt. The only reliable means of distinguishing between "crack" cocaine and these other forms of "cocaine base" are chemical testing by gas chromatography mass spectrometry ("GC/MS"), infrared spectroscopy ("IR spec"), and/or melting point determination. Just because something looks like "crack" cocaine and may be called "crack" cocaine by people on the street does not make it "crack" cocaine.

These opinions are based on Dr. Benjamin's training and background, and on his understanding of the standard of care in the forensic toxicology community and of the scientific testing that is required to reliably determine the chemical makeup of a particular substance. His opinions are also grounded in the pertinent scientific literature, and have been recognized as authoritative by numerous federal and state courts.

In addition to the above, Dr. Benjamin will testify as to his review of the testing procedures employed by DEA Senior Forensic Chemist Michelle Camilleri as well as the results of the analytical testing performed by Ms. Camilleri on the substance seized in New York City on March 16, 2004 and introduced into evidence as Exhibit 18 and the substance seized in Hyannis, Massachusetts on March 16, 2004 and introduced into evidence as Exhibit 62. In this regard, Dr. Benjamin is expected to testify that, consistent with the documentation you recently produced concerning the DEA laboratory's testing of the seized substances, that the substance seized in New York City on March 16, 2004 cannot be identified to a reasonable degree of scientific certainty as "crack" cocaine. Dr. Benjamin will establish this conclusion through testimony concerning the DEA laboratory's documentation of the tests that it performed.

Finally, Dr. Benjamin may offer testimony rebutting the proffered opinion testimony of any expert the government may identify. We will summarize that rebuttal testimony, if any, after Dr. Benjamin has had an opportunity to review whatever disclosure statement you produce per the Court-ordered schedule on or before August 15, 2005. We also reserve any right we may

Susan M. Poswistilo, Esq.
August 1, 2005
Page 3

have to recall Dr. Benjamin as a rebuttal witness after your expert has completed his/her testimony on September 8, 2005 or thereafter.

Best regards,

David J. Apfel

DJA:jwf

cc:    Nancy Rue, Esq.
       John H. LaChance, Esq.
       Page Kelley, Esq.
       Michael C. Andrews, Esq.
       Thomas J. Ford, Esq.
       Mark D. Smith, Esq.
       Jennifer W. Fischesser, Esq.

LIBA/1565047.3