# EXHIBIT 4

```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS

                                              Criminal No.
                                              04-10098-WGY


* * * * * * * * * * * * * * * *
                               *
UNITED STATES OF AMERICA       *
                               *
v.                             *   PRETRIAL CONFERENCE
                               *
MANUEL LAMONT MENDES           *
CHRISTOPHER CUSTER             *
CARMEN FIGUEROA                *
DESIREE ALVES                  *
WILLIAM TEJEDA                 *
JENNIFER PAVAO                 *
                               *
* * * * * * * * * * * * * * * *

          BEFORE:  The Honorable William G. Young,
                          District Judge



APPEARANCES:

          SUSAN M. POSWISTILO, Assistant United
States Attorney, 1 Courthouse Way, Suite 9200,
Boston, Massachusetts 02210, on behalf of the
Government

          THOMAS J. FORD, ESQ., 141 Tremont Street,
Suite 400, Boston, Massachusetts 02111, on behalf
of the Manuel Lamont Mendes

          LAREDO & SMITH, LLP (By Mark D. Smith,
Esq.), 15 Broad Street, Suite 600, Boston,
Massachusetts 02109, on behalf of Christopher
Custer


                                    1 Courthouse Way
                                    Boston, Massachusetts

                                    April 6, 2005
```

```
 1            THE CLERK:  Criminal Action 04-10098, the United
 2    States v. Manuel Mendes, Christopher Custer, Carmen
 3    Figueroa, William Tejeda, Jennifer Pavao, and Desiree Alves.
 4            (Whereupon the Court and the Clerk conferred.)
 5            THE COURT:  And would counsel identify themselves.
 6            MS. POSWISTILO:  Susan Poswistilo for the
 7    government.
 8            MR. APFEL:  David Apfel for defendant, William
 9    Tejeda, your Honor.
10            MR. FORD:  Thomas Ford representing Manuel Mendes.
11            MR. SMITH:  Mark Smith for defendant, Christopher
12    Custer.  Good afternoon, your Honor.
13            MR. LaCHANCE:  Good afternoon.  John LaChance for
14    Carmen Figueroa.
15            MR. ANDREWS:  Good afternoon, your Honor.  Michael
16    Andrews for Jennifer Pavao.
17            THE COURT:  Good afternoon.  It's good to see you
18    all.
19            Ms. Poswistilo, help me out with respect to the
20    indictment here.  Have you pleaded enhancements in this
21    indictment?
22            MS. POSWISTILO:  There are no enhancements other
23    than drug weight, the mandatory minimum weight is pled.
24            THE COURT:  And that's all you'll be seeking at the
25    time of sentencing?
```

1   **MS. POSWISTILO:** Well, no, your Honor, we will be
2   seeking additional enhancements --
3   **THE COURT:** Well --
4   **MS. POSWISTILO:** -- provided for in the guidelines
5   at the time of sentencing.
6   **THE COURT:** Then be clear, you understand what my
7   sentencing procedure requires. I have some question, severe
8   question about your failure to so plead, but I have no
9   question at all about my sentencing procedures. You will
10  prove to the jury on evidence beyond a reasonable doubt
11  every enhancement that you seek at the time of sentencing on
12  pain of being deemed to have waived it if you do not submit
13  it for proof.
14  Now, I don't for a moment say that if they acquit
15  you can't argue it at the time of sentencing. But I, I
16  expect you to try to prove it. And if you don't try you've
17  waived it. Are you clear?
18  **MS. POSWISTILO:** Well, let me -- I understand what
19  you just said, your Honor. I guess I have, two things come
20  to mind. Number one, just so the record is clear, the
21  government objects to, to your, to the sentencing procedure.
22  Putting that aside, your Honor, with respect to the
23  procedure itself, does that mean your Honor at the time of
24  the jury deliberations would present to the jury the
25  enhancement question?

1          **THE COURT:**  Absolutely.

2          **MS. POSWISTILO:**  Okay.

3          **THE COURT:**  In other words --

4          **MS. POSWISTILO:**  As opposed, as opposed to my just, for example, role, as opposed to my just putting forth facts which could be deemed facts that support a role enhancement and then arguing it to your Honor.

8          **THE COURT:**  Oh, I don't mean to blindside anyone. If you want an enhancement under the advisory guidelines, organizer/manager, drug weight attributable to someone or the like, I'm going to have a special verdict.  I'll say is this fellow an organizer or manager, you know, how much drug weight is attributable to this person and so on, and any other enhancement that you want to have a chance to argue under the advisory guidelines.  As between judge and jury, I'm simply going to instruct the jury.

17         **MS. POSWISTILO:**  Okay.

18         **THE COURT:**  I'm not going to talk about sentencing or have some separate hearing.  I'm just going to give them all the issues at the time of deliberations.  They'll come back and tell me whatever they want to tell me and then, then we'll, then we'll see.

23         Now, another way to skin this, and defense ought understand this, is if you would rather have me decide it rather than the jury, then that's all right and you need to

1   indictment as charges conspiracy to distribute crack
2   cocaine, one, would you entertain such a plea where the
3   defendant would reserve his or her right to contest the
4   amount. And then if you would --
5   **THE COURT:** Well, let me answer that. The
6   government traditionally gets to indict the way they want to
7   indict. And I strongly favor a system that has these
8   enhancing factors in it. In other words, I strongly favor a
9   system which Blakelyizes the guidelines. I believe
10  ultimately that's where the Supreme Court will go. But they
11  haven't gone there yet and any fair reading of either the
12  Stevens' or the Breyer decision flat out doesn't say that.
13  So for me just to insist on that is questionable.
14       What I think I can insist on, Ms. Poswistilo says
15  no, you can't, but what I'm willing to be tested on is, I
16  can set up my own sentencing protocol because I, we do, and
17  I am charged in this advisory system with I think care as to
18  the 3553 factors, one of which is the advisory guidelines.
19  So I've set it up. It's a system that maximizes due process
20  and maximizes careful fact finding.
21       Now, be clear. As that fact finding comes out the
22  great likelihood is I'm going to be guided by it. What I
23  cannot do, and nothing I have said should suggest, is she's
24  pleaded a conspiracy of over five kilograms. She's got a
25  right to go to the jury on that. If you can talk her out of

**THE COURT:** The gentleman here is to see me and he's welcome to come back.

(Whereupon the matter concluded.)

# C E R T I F I C A T E

I, Donald E. Womack, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

_____
DONALD E. WOMACK
Official Court Reporter
P.O. Box 51062
Boston, Massachusetts 02205-1062
womack@megatran.com