# EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal No.
04-10098-WGY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                              \*
UNITED STATES OF AMERICA                      \*
                                              \*   **TRANSCRIPT OF JURY**
v.                                            \*   **INSTRUCTIONS CONFERENCE,**
                                              \*   **CLOSING ARGUMENTS and**
CARMEN FIGUEROA and                           \*   **JURY INSTRUCTIONS**
WILLIAM TEJEDA                                \*      (Volume 11)
                                              \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BEFORE:  The Honorable William G. Young,
                District Judge, and a Jury

APPEARANCES:

        SUSAN M. POSWISTILO and NANCY RUE,
    Assistant United States Attorneys, 1 Courthouse
    Way, Suite 9200, Boston, Massachusetts 02210, on
    behalf of the Government

        JOHN H. LaCHANCE, ESQ., 600 Worcester Road,
    Suite 501, Framingham, Massachusetts 01702, on
    behalf of Carmen Figueroa

        GOODWIN PROCTER, LLP (By David J. Apfel,
    Esq. and Jennifer W. Fischesser, Esq.), Exchange
    Place, Boston, Massachusetts 02109-2881, on behalf
    of William Tejeda

                                1 Courthouse Way
                                Boston, Massachusetts

                                May 18, 2005



1    would like.  I'm not giving it.  I'm not foreclosing it

2    because it's an accurate excerpt, perhaps slanted, but

3    excerpt of decided cases.  Arthurs in the First Circuit is

4    the one that I cling to.  If there was some jury question on

5    it I might amplify.  But I don't intend to.

6          Now, having done that -- and they'll have the jury,

7    they'll have the questions before them, the jury verdict in

8    their hands when I get to this stage.  Then I will go back

9    and say keep each one separate and the like.  The verdict

10   could be not guilty as to both, it could be guilty as to

11   both, it could be not guilty as to one and guilty as to

12   another.  But then I'm going to talk about drug weight.  And

13   I'm going to say, now, if you were to find one or both of

14   these people guilty, then I need to know what the conspiracy

15   encompasses, but specifically, what the individual, who you

16   think is guilty of this conspiracy, what did he or she

17   reasonably foresee the deal was, what was the conspiracy

18   that they were part of, moving or intended to move, intended

19   to handle in quantity of cocaine base.  And I'll mention

20   only cocaine base and not use the word crack cocaine at all.

21          And then I'll simply say tell me what it is,

22   there's a blank there.  But you've got to find that beyond a

23   reasonable doubt.  If you can't, the law gives categories.

24   And there they are right there on the verdict slip.  Give me

25   the category beyond a reasonable doubt.  If you can't do

1    that, you can logically find, I'm going to leave it that you

2    can logically find a verdict of guilt, because that

3    preserves this issue of whether I should put it to the jury,

4    but also it opens up for the defense the argument, well,

5    they couldn't find anything so they didn't find beyond 50

6    grams.  But I'll run that risk if I come to it.

7         And I'll tell them they can leave it blank.  Then I

8    have my normal boilerplate charge about how they deliberate

9    together, how they use their notes and the like.

10         Questions, comments on the charge?  The government

11   first.

12         MS. POSWISTILO:  A couple, your Honor.  First, you

13   didn't specifically mention but the government does request

14   that you do a specific charge on the punishment and that

15   it's not the jury's province to even consider punishment.

16   And the reason I bring that up is yesterday Ms. Figueroa was

17   specifically, the jurors were specifically told how much

18   time Ms. Figueroa could do, and I think in this particular

19   case --

20         THE COURT:  I will give such a charge.

21         MS. POSWISTILO:  -- they need to be told.

22         THE COURT:  I will give a charge that that's not

23   their province.

24         MS. POSWISTILO:  Secondly, with respect to the

25   verdict and your referencing only cocaine base, throughout

1    this trial and, you know, in the indictment, the indictment

2    reads cocaine base also known as crack cocaine.  The

3    testimony and the evidence all shows that it was crack

4    cocaine.  And I think if we're going to be presenting

5    everything to the jury that crack cocaine should likewise be

6    presented to the jury.

7         THE COURT:  Yes, since I've, since I've reserved

8    and I'm allowing them to put on, Mr. Apfel, but I've said

9    the objection of one is the objection of both, should we get

10   that far, since I'm going to entertain that issue jury

11   waived, I will do that.  Right.  But the verdict slip itself

12   is just going to say cocaine base.  Okay?

13        MS. POSWISTILO:  Well, the verdict -- so, where

14   will you refer to crack?

15        THE COURT:  In the charge.

16        MS. POSWISTILO:  Well, I think the verdict slip

17   likewise --

18        THE COURT:  It won't.

19        MS. POSWISTILO:  -- should be --

20        THE COURT:  All right.

21        MS. POSWISTILO:  Okay.

22        THE COURT:  Is that it?

23        MS. POSWISTILO:  Just one other thing.  It's more

24   of a question than anything.  With respect to the

25   stipulations, I just, I've never had the situation before,

government brought the case, the government's got to prove

the case as to the essential elements beyond a reasonable

doubt.  The defense has to do nothing, not at all.  Don't

hold it against either one of these individuals if something

was left unexplained or you wondered about it.  Ask whether

the government has proved the case beyond a reasonable

doubt.

Here's what the government has to prove.  The

charge against each one of these individuals is the same.

It is a charge of conspiracy to possess with intent to

distribute cocaine base.  For our purposes here you may take

cocaine base as equivalent with the street parlance crack

cocaine, as distinguished now from powder cocaine.  What is

charged here is cocaine base or crack cocaine.  Not powdered

cocaine.  But you can at least take cocaine base and crack

cocaine as the same.  But the charge is conspiracy.

Conspiracy to possess with intent to distribute cocaine

base.

Now, here's what the government has to prove.  Two

things.  You consider each individual separately and as to

each one they've got to prove these two things.  First, did

the person whom you are considering conspire with another

person to do something that the law forbids.  The essence of

a conspiracy is an agreement between two or more persons.

There has to be an actual agreement.  It doesn't have to be

1          With those instructions the best thing to do now is

2    go home, put it out of your mind, get a good night's rest,

3    come back prepared to continue your deliberations at nine

4    o'clock tomorrow morning.

5          The jury may stand in recess with those

6    instructions.

7          **THE CLERK:**  All rise for the jury.

8          (Whereupon the jury left the courtroom at 4:58

9    p.m.)

10         (Adjournment.)

11

12              **C E R T I F I C A T E**

13

14         I, Donald E. Womack, Official Court Reporter for

15   the United States District Court for the District of

16   Massachusetts, do hereby certify that the foregoing pages

17   are a true and accurate transcription of my shorthand notes

18   taken in the aforementioned matter to the best of my skill

19   and ability.

20

21

22

23   _____
              DONALD E. WOMACK
24         Official Court Reporter
               P.O. Box 51062
25   Boston, Massachusetts 02205-1062
            womack@megatran.com