```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

                                            Criminal No.
                                            04-10098-WGY


* * * * * * * * * * * * * * * * *
                                 *
UNITED STATES OF AMERICA         *
                                 *   TRANSCRIPT OF JURY
v.                               *   INSTRUCTIONS CONFERENCE,
                                 *   CLOSING ARGUMENTS and
CARMEN FIGUEROA and              *   JURY INSTRUCTIONS
WILLIAM TEJEDA                   *      (Volume 11)
                                 *
* * * * * * * * * * * * * * * * *




          BEFORE:  The Honorable William G. Young,
                   District Judge, and a Jury




APPEARANCES:

          SUSAN M. POSWISTILO and NANCY RUE,
     Assistant United States Attorneys, 1 Courthouse
     Way, Suite 9200, Boston, Massachusetts 02210, on
     behalf of the Government

          JOHN H. LaCHANCE, ESQ., 600 Worcester Road,
     Suite 501, Framingham, Massachusetts 01702, on
     behalf of Carmen Figueroa

          GOODWIN PROCTER, LLP (By David J. Apfel,
     Esq. and Jennifer W. Fischesser, Esq.), Exchange
     Place, Boston, Massachusetts 02109-2881, on behalf
     of William Tejeda

                                       1 Courthouse Way
                                       Boston, Massachusetts

                                       May 18, 2005
```

1  **THE CLERK:** All rise. Court is in session, please
2  be seated.
3  **THE COURT:** Good morning, counsel.
4  **COUNSEL:** Good morning, your Honor.
5  **THE COURT:** First question, drug weight or no, Mr.
6  Apfel, on the verdict slip?
7  **MR. APFEL:** Yes, your Honor. I would ask that
8  you --
9  **THE COURT:** Put the drug weight to the jury.
10  **MR. APFEL:** -- put the drug weight to the jury.
11  **THE COURT:** I will.
12  **MR. APFEL:** In categories.
13  **THE COURT:** Well, no, it's either yes or no, and
14  here's how the verdict will look: Not guilty, guilty of
15  conspiracy to possess blank cocaine base. And I will tell
16  the jury you figure it out, and you figure it out beyond a
17  reasonable doubt.
18       Now, if you can't, the law gives you categories,
19  and then below that more than 1.5 kilograms -- I've got the
20  categories -- more than 500 grams but less than 1.5 and so
21  on down to 50 grams. And I'll say you check the one which
22  applies, if any applies. And if you can't tell us leave it
23  blank.
24       Then I've got the interesting -- because if it's
25  under 50, I'm not so sure you have a valid indictment here.

1   that, you can logically find, I'm going to leave it that you
2   can logically find a verdict of guilt, because that
3   preserves this issue of whether I should put it to the jury,
4   but also it opens up for the defense the argument, well,
5   they couldn't find anything so they didn't find beyond 50
6   grams.  But I'll run that risk if I come to it.
7            And I'll tell them they can leave it blank.  Then I
8   have my normal boilerplate charge about how they deliberate
9   together, how they use their notes and the like.
10           Questions, comments on the charge?  The government
11  first.
12           **MS. POSWISTILO:**  A couple, your Honor.  First, you
13  didn't specifically mention but the government does request
14  that you do a specific charge on the punishment and that
15  it's not the jury's province to even consider punishment.
16  And the reason I bring that up is yesterday Ms. Figueroa was
17  specifically, the jurors were specifically told how much
18  time Ms. Figueroa could do, and I think in this particular
19  case --
20           **THE COURT:**  I will give such a charge.
21           **MS. POSWISTILO:**  -- they need to be told.
22           **THE COURT:**  I will give a charge that that's not
23  their province.
24           **MS. POSWISTILO:**  Secondly, with respect to the
25  verdict and your referencing only cocaine base, throughout

1   this trial and, you know, in the indictment, the indictment
2   reads cocaine base also known as crack cocaine.  The
3   testimony and the evidence all shows that it was crack
4   cocaine.  And I think if we're going to be presenting
5   everything to the jury that crack cocaine should likewise be
6   presented to the jury.
7          THE COURT:  Yes, since I've, since I've reserved
8   and I'm allowing them to put on, Mr. Apfel, but I've said
9   the objection of one is the objection of both, should we get
10  that far, since I'm going to entertain that issue jury
11  waived, I will do that.  Right.  But the verdict slip itself
12  is just going to say cocaine base.  Okay?
13         MS. POSWISTILO:  Well, the verdict -- so, where
14  will you refer to crack?
15         THE COURT:  In the charge.
16         MS. POSWISTILO:  Well, I think the verdict slip
17  likewise --
18         THE COURT:  It won't.
19         MS. POSWISTILO:  -- should be --
20         THE COURT:  All right.
21         MS. POSWISTILO:  Okay.
22         THE COURT:  Is that it?
23         MS. POSWISTILO:  Just one other thing.  It's more
24  of a question than anything.  With respect to the
25  stipulations, I just, I've never had the situation before,

1   government brought the case, the government's got to prove
2   the case as to the essential elements beyond a reasonable
3   doubt.  The defense has to do nothing, not at all.  Don't
4   hold it against either one of these individuals if something
5   was left unexplained or you wondered about it.  Ask whether
6   the government has proved the case beyond a reasonable
7   doubt.
8         Here's what the government has to prove.  The
9   charge against each one of these individuals is the same.
10  It is a charge of conspiracy to possess with intent to
11  distribute cocaine base.  For our purposes here you may take
12  cocaine base as equivalent with the street parlance crack
13  cocaine, as distinguished now from powder cocaine.  What is
14  charged here is cocaine base or crack cocaine.  Not powdered
15  cocaine.  But you can at least take cocaine base and crack
16  cocaine as the same.  But the charge is conspiracy.
17  Conspiracy to possess with intent to distribute cocaine
18  base.
19        Now, here's what the government has to prove.  Two
20  things.  You consider each individual separately and as to
21  each one they've got to prove these two things.  First, did
22  the person whom you are considering conspire with another
23  person to do something that the law forbids.  The essence of
24  a conspiracy is an agreement between two or more persons.
25  There has to be an actual agreement.  It doesn't have to be

1        Now, if you find either one or both of these
2   individuals not guilty, and that's a logical and possible
3   finding, don't go any further. If you find either one of
4   the individuals or if you find both guilty, I ask you
5   something else. And I'll deal with that now. And again the
6   fact that I mention it does not think that I think it's
7   proved or not proved.
8        I need to know how much. And you're given various
9   alternatives. And these are, these are alternatives.
10  First, I want you to consider whether you can tell me
11  specifically beyond a reasonable doubt what the specific
12  person, and consider them separately, what the specific
13  person reasonably understood was the scope of this
14  conspiracy. That's not what the person himself or herself
15  handled. That's what the person reasonably understood this
16  conspiracy was about, the scope of this conspiracy. How
17  much did they reasonably understand was being moved, was
18  being possessed and distributed in this conspiracy. And I
19  ask you to tell me a quantity beyond a reasonable doubt.
20  And we use metrics here. So if it's in grams put a g; if
21  it's in kilograms, a thousand grams, or a proportion of
22  that, put a k.
23       But then the law goes on. If you cannot tell me
24  beyond a reasonable doubt, and I have to know all of this
25  beyond a reasonable doubt, if you can't tell me beyond a

1    reasonable doubt what the person reasonably foresees, what
2    they're in for, and keep them separate, then the law gives
3    categories. Well, was it more than one and-a-half kilograms
4    of cocaine base. If not, was it at least 500 grams but less
5    than one and-a-half kilograms. If not, and so on, down to
6    was it at least 50 kilograms or less than 150 kilograms.
7        And if you can't answer any of those categories --
8    first, can you give me an amount unanimously beyond a
9    reasonable doubt. If you can't, can you give me unanimously
10   beyond a reasonable doubt a category. If you can't, you can
11   still find the individual guilty, just don't fill in an
12   amount. I'm asking you. The key thing is, is the person
13   not guilty. And if the person is not guilty you just stop.
14   If the person's guilty, consider whether you can tell me
15   unanimously beyond a reasonable doubt an amount or a
16   category of an amount.
17       A word about your deliberations. Madam Forelady,
18   as forelady it doesn't mean you do all the talking, nor does
19   it mean keep your mouth shut. I'm really talking to all of
20   you who will deliberate.
21       Set things up in there so that each and every one
22   of you fully and fairly can discuss the matters under
23   consideration with all your fellow jurors and every other
24   juror can comment on the matters being discussed.
25       You will have your notebooks in there, you're