UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Crim. No. 04-10098-WGY<br>CARMEN FIGUEROA and )<br>WILLIAM TEJEDA, )<br>)<br>Defendants. )<br>) | |

# MOTION FOR PRESENTENCE TRANSFER
# OF DEFENDANT WILLIAM TEJEDA

Defendant William Tejeda hereby moves to be transferred immediately from Massachusetts Correctional Institution at Plymouth ("MCI-Plymouth") to an appropriate prison facility in or near New York City for the remainder of his presentence detention. In support of this motion, Mr. Tejeda states:

1.  Mr. Tejeda has been incarcerated in MCI-Plymouth awaiting sentencing since May 20, 2005, *i.e.*, for nearly eight full months. Mr. Tejeda still does not have a sentencing date.

2.  The delay in Mr. Tejeda's sentencing has resulted principally from postponed and/or cancelled evidentiary hearing dates, and from the need to obtain the entire trial transcript in order to properly brief an important sentencing-related issue concerning the "crack" form of cocaine base.

3.  The delay has been no one's fault, but it has caused Mr. Tejeda to suffer great hardship. As a result of the delay, Mr. Tejeda has been serving time in MCI-Plymouth, as opposed to a prison closer to his home and family in New York City. The

distance has made it extraordinarily difficult for Mr. Tejeda to maintain contact with his family, including his wife, two small children – William Tejeda, Jr. (age 8) and Winnie Tejeda (just turned 1 – DOB, 1/4/05) – and elderly grandparents.

4. Mr. Tejeda is from New York City. Indeed, prior to his arrest and trial in this case, he had never stepped foot in Massachusetts. Mr. Tejeda's entire family continues to reside in New York.

5. Travel from New York City to MCI-Plymouth takes at least three hours, and often far more with traffic. The length of the trip has made it all but impossible for Mr. Tejeda's infant daughter and third grade son to visit him. Likewise, the length of the trip has had the effect of all but shutting Mr. Tejeda's aging and disabled grandparents (the two people who raised him and whom he considers his *de facto* parents) out of his life.

6. Telephone contact has also been rendered difficult by the long distance between New York City and Plymouth. Prison rules do not permit Mr. Tejeda's family to call him in prison. Rather, the rules require that all calls be made by Mr. Tejeda and that they be collect. Since Mr. Tejeda and his family are indigent, these long distance collect calls are prohibitively expensive. As a result, very few calls are made, and Mr. Tejeda's children and aging grandparents lose the chance even to hear his voice or to speak with him, let alone to see or hug or kiss him.

7. Mr. Tejeda has been convicted of a serious crime and if necessary he is prepared to serve a just sentence, but his conviction does not mean he should be eliminated from his children's lives or that he should not be able to spend precious moments with his grandparents who have few such moments left in their lives. An

immediate transfer to a prison in or near New York City would enable Mr. Tejeda to have more frequent face-to-face and telephonic contact with his family.

8. Between now and sentencing, Mr. Tejeda will have to appear in this Court at most two times – first for a hearing, if required, on his crack/cocaine base motion, and then for his actual sentencing. Mr. Tejeda will waive his right to be present at any evidentiary hearing on the crack/cocaine base motion. Thus, if Mr. Tejeda is transferred now to a prison in New York City there would be a need to transport him back to Massachusetts no more than one time. This would create a modest additional expense to the government, but one that pales in comparison to the enormous benefit and support Mr. Tejeda's family would receive from being able to see and/or speak with him on a regular basis between now and sentencing.

WHEREFORE, Mr. Tejeda requests that this Court order that he be immediately transferred from MCI-Plymouth to a prison in or near New York City.

> Respectfully Submitted,
>
> WILLIAM TEJEDA,
>
> By his attorneys,
>
> /s/ David J. Apfel
>
> David J. Apfel (BBO # 551139)
> Jennifer L. Chunias (BBO # 644980)
> William J. Trach (BBO # 661401)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109-2881
> 617-570-1000
> dapfel@goodwinprocter.com

Dated January 18, 2006

3

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I, David J. Apfel, hereby certify that pursuant to Local Rule 7.1(A)(2), I have attempted to confer with AUSAs Susan Poswistilo and Nancy Rue in order to obtain the government's assent to this motion. To date, however, my efforts have been unsuccessful. I have left messages with the U.S. Attorney's Office, but I have not yet heard back from the government.

/s/ David J. Apfel
David J. Apfel (BBO # 551139)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 18, 2006.

/s/ David J. Apfel
David J. Apfel (BBO # 551139)

LIBA/1666308.2

4