# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )  Crim. No. 04-10098-WGY |
| CARMEN FIGUEROA and | ) |
| WILLIAM TEJEDA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY MEMORANDUM OF WILLIAM TEJEDA
IN FURTHER SUPPORT OF HIS MOTION TO PRECLUDE
APPLICATION OF ENHANCED GUIDELINES PENALTIES FOR "CRACK"**

In its opposition to William Tejeda's motion concerning cocaine base and crack ("Gov't Opp."), the government concedes, as it must, that: (i) "crack" is just one form of cocaine base; (ii) "crack" is a sentencing enhancement under the guidelines; (iii) the Court ordered pretrial that the government prove all sentencing enhancements to the jury beyond a reasonable doubt; and (iv) the jury found Mr. Tejeda guilty of a "cocaine base" offense, but made no finding regarding "crack." From these concessions, it necessarily follows that Mr. Tejeda must be sentenced, and may only be sentenced, according to the cocaine guidelines, not the enhanced "crack" guidelines. Nevertheless, the government offers various reasons why it should be given a second opportunity to prove "crack." The government asks nothing less than that this Court substitute its own finding of "crack" for the jury's limited finding of "cocaine base." Although such a substitution might be permissible in other cases, it is impermissible here in light of the Court's own directives,

repeated before, during and after trial. The government did not obtain a jury finding of "crack." It should not be permitted to try again.

1.    **Although The Court Could Have Chosen To Determine Sentencing Enhancements On Its Own After Trial, Here It Required The Government To Prove All Enhancements To The Jury Beyond A Reasonable Doubt.**

In its opposition, the government relies on three recent First Circuit cases – *United States v. Perez-Ruiz*, 421 F.3d 11 (1st Cir. 2005), *United States v. Yeje-Cabrera*, 430 F.3d 1 (1st Cir. 2005), and *United States v. Medina*, 427 F.3d 88 (1st Cir. 2005) – for the proposition that post- *Booker* it is still permissible for a district judge to find sentencing enhancements on his/her own after trial. There is no question that the cited cases stand for this precise proposition. But the proposition is of no import here. There is no dispute that this Court, at a post-trial sentencing proceeding, *could have* decided which sentencing enhancements, if any, should be applied in calculating Mr. Tejeda's advisory guidelines sentence. The point, however, is not what the Court "could have" done. It is what the Court did, and whether that was permissible. Here, rather than wait until after trial, the Court opted to put enhancements to the jury and to require the government to prove those enhancements to the jury's satisfaction beyond a reasonable doubt. [Tr. 4/6/05 at 4.] The selected procedure was permissible. It is not precluded by the cases relied upon by the government or by any other First Circuit precedent.

For purposes of this case, the Court's adopted and clearly enunciated procedure trumps the alternative, more traditional method of establishing enhancements. Here, the government had the obligation to prove the "crack" enhancement to the jury beyond a reasonable doubt, and the government simply failed to meet that obligation. The cited cases offer no relief.

2.    **The Issue Here Is Not Sufficiency Of The Evidence.  It Is The Absence Of The Requisite Jury Finding That The Cocaine Base At Issue Was "Crack."**

The government argues that it put forth sufficient evidence that the drugs at issue were crack.  [Gov't Opp. at 12.]  Mr. Tejeda does not dispute this.  He is not arguing insufficiency of the evidence.  Rather, the argument is that the government failed to take the necessary next step and obtain a jury finding that the cocaine base at issue was "crack."  Here, this next step was required by order of the Court.  [Tr. 4/6/05 at 4.]  It was not taken.  Accordingly, Mr. Tejeda must be sentenced with reference to the cocaine, not the crack, guidelines.  See U.S.S.G. App. C, Amend. 487 (1993).

3.    **The Court Never Relieved The Government Of Its Obligation To Prove "Crack" Beyond A Reasonable Doubt.**

The government asserts that the Court's order requiring it to prove all enhancements to the jury "evolved" over the course of the trial, and that the Court ultimately relieved the government of its obligation to prove the crack enhancement to the jury.  [Gov't Opp. at 11.]  The government argues that when the Court ruled, on timeliness grounds, that Mr. Tejeda would not be permitted to present his expert witness to testify as to the distinction between crack and other forms of cocaine base, the Court relieved the government of its obligation to prove the crack enhancement to the jury.  [*Id.* at 11-12.]  According to the government, the Court took the question of proving "crack" away from the jury, and ruled that it would make that factual determination on its own after the trial.  [*Id.*]  The problem with this argument is that it misinterprets the record.

The Court never ruled that it would determine the issue of whether the drugs at issue in the case were in fact "crack," *i.e.*, the Court did not relieve the government of its burden to prove the "crack" enhancement to the jury.  Rather, the Court simply ruled that

it would hear expert testimony post-trial in aid of sentencing on the issue of whether "crack" was chemically distinct from "cocaine base," and, if so, whether the distinction carried any legal import.

The Court's ruling appears to have been based on a misapprehension, shared by the government throughout trial, that there was no factual or legal distinction between crack and other forms of cocaine base. [Tr. 5/13/05 at 149 (Court: "I can't see what the difference is if [crack and cocaine base] are chemically the same and Judge Ponsor's decision says they are chemically the same. . . . [B]ut I guess I don't understand the cases.").] Following the trial, when it actually came time for the expert testimony that the Court had not permitted earlier, the government reversed course and, for the first time, acknowledged that: (i) as a factual matter "crack" was just one form of cocaine base; and (ii) as a legal matter, all forms of cocaine base other than "crack" were to be treated as simple cocaine for sentencing purposes. This reversal by the government obviated the need for the evidentiary hearing the Court had put off until after trial. But it did not obviate the government's pre-existing trial burden to prove the "crack" enhancement, *i.e.*, the government's burden not just to put on evidence tending to prove "crack," but to obtain a jury finding that the drugs at issue were "crack." At no time did the Court modify its unequivocal pretrial order requiring the government to prove all enhancements, including the "crack" enhancement, to the jury beyond a reasonable doubt. Nor did the Court ever rule that it would decide post-trial the factual question of whether the drugs at issue in the case were crack, and thus whether the enhancement for crack would be applied to Mr. Tejeda.

To the extent that there was any doubt as to the meaning of the Court's ruling that doubt was erased by the Court's post-trial clarification. Specifically, on July 8, 2005, the Court made clear that it had never relieved the government of its burden to prove the crack enhancement:

> Mr. Tejeda has contested the matter against him, and as is his right every essential fact for the determination, at least the extensions, the enhancements of his sentence, must be found by a jury. …The government is stuck, subject to its right to appeal, with the jury finding of an amount of cocaine base. I didn't ask them [*i.e.,* the jury] the question [regarding whether the drugs at issue were the crack form of cocaine base]. I cannot substitute my findings. [If] I come to believe that it [namely, the distinction between "crack" and other forms of cocaine base] does make a difference, then I agree with your argument entirely. The government's stuck with cocaine base. There can never, jeopardy has attached, there can never be another proceeding, sentencing goes on. Cocaine base.

[Tr. 7/8/25 at 4-7.] There can be no question, indeed the government now concedes, that there are significant factual and legal distinctions between "crack" and other forms of cocaine base. *See, e.g.,* U.S.S.G. App. C, Amend. 487 (1993) ("forms of cocaine base other than crack . . . will be treated as cocaine"). Thus, the government is "stuck," and sentencing must proceed according to the advisory "cocaine" guidelines.

### 4. Mr. Tejeda Never Waived His Entitlement To Have The Jury Find The "Crack" Enhancement Beyond A Reasonable Doubt.

The government argues that Mr. Tejeda waived whatever right he may have had to a jury finding concerning the "crack" enhancement, when he failed to object to (i) the Court's intra-trial indication that it would consider expert chemical testimony jury waived after the trial; and (ii) the verdict form, which did not include any reference to "crack." [Gov't Opp. at 11-13.] Perhaps the government would be right if the Court had relieved the government of its burden to prove the "crack" enhancement at trial. But, as

explained above, this never occurred.  Since the government was never relieved of its

burden, it is stuck with the jury's "cocaine base" finding.

There was never a waiver by Mr. Tejeda regarding the government's obligations.

It was not Mr. Tejeda's burden to prove to the jury that the drugs at issue were not crack.

Rather, it was always the government's burden to prove that they were.  In light of the

burden of proof it would have been foolish, indeed it would have been malpractice, for

Mr. Tejeda to have asked for a special verdict question concerning whether the drugs at

issue were "crack."  Mr. Tejeda certainly did not waive any rights by "failing" to ask for

a verdict form question that could only have hurt him.

## CONCLUSION

Per this Court's pretrial order, reiterated during and then again after trial, it was

the government's burden to prove the "crack" enhancement to the jury's satisfaction

beyond a reasonable doubt.  Although the government may well have put on sufficient

evidence from which a jury could have concluded that the drugs at issue were "crack," it

never obtained the requisite jury *finding*  of "crack."  The Court may not, and it has

expressly put the parties on notice that it would not, substitute its findings for those of the

jury.  The finding and only finding we have is "cocaine base."  That is the finding with which the government is stuck.  Accordingly, Mr. Tejeda must be sentenced with reference to the cocaine, rather than the enhanced "crack," advisory guidelines.

Respectfully submitted,

WILLIAM TEJEDA,

By his attorneys,

**/s/ David J. Apfel**

David J. Apfel (BBO # 551139)
Jennifer L. Chunias (BBO # 644980)
William J. Trach (BBO # 661401)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1000
dapfel@goodwinprocter.com

Dated January 20, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 20, 2006.

/s/ William J. Trach
William J. Trach

LIBA/1668376.1

7