**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No.** |
| | ) | **04-10098-WGY** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WILLIAM TEJEDA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S**
**MOTION FOR MODIFICATION OF**
**SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)**

The United States of America, by its attorney, Michael J. Sullivan, United States

Attorney for the District of Massachusetts, hereby responds to the motion filed by William

Tejeda ("Tejeda") to modify his sentence pursuant to 18 U.S.C. section 3582(c).  This motion is

based on a recent amendment to the Sentencing Guidelines which lowered the base offense

levels applicable to cocaine base ("crack") offenses.

In stating its determination to apply the crack cocaine amendment retroactively, the

Sentencing Commission declared that this authority will go into effect on March 3, 2008.

Accordingly, this Court is without authority to reduce a sentence prior to that date.

Nevertheless, for the convenience of the Court and to facilitate the orderly disposition of the

many pending motions likely to result from the amendment, the government presents its

response at this time.

The defendant's motion must be denied because, notwithstanding the guideline

amendment, the amendment does not have the effect of lowering the defendant's guidelines

range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the

applicable guideline produced the same offense level which applied earlier); United States v.

Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion,

where the defendant's offense level was not altered by the subject of the retroactive amendment);

United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied

motion where the sentence was actually based on considerations not affected by the retroactive

guideline amendment).

     In this case, Tejeda's motion should be denied because the guideline amendment does not

result in a different base offense level and his sentencing range is therefore unchanged.  At

sentencing, Probation recommended that Tejeda be found responsible for 5.718 kilograms of

cocaine base, which, the Court found, was a base offense level of 38.  The applicable guideline

previously assigned base offense level 38 to any quantity of cocaine base of 1.5 kilograms or

more.  The revised guideline changes the threshold for a level 38 - it applies level 36 to a

quantity of at least 1.5 kilograms but less than 4.5 kilograms, and applies level 38 (still the

highest level) to any quantity of 4.5 kilograms or more.  Because Tejeda's offense involved more

than 4.5 kilograms, there is no basis for a reduction of sentence, as level 38 applies under both

the old and revised guidelines.  Accordingly, his motion for a reduction of sentence should be

denied.

CONCLUSION

Based upon the foregoing, Tejeda's motion for modification of sentence pursuant to Title

18, U.S.C. Section 3582(c)(2) should be denied.

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Susan M. Poswistilo
SUSAN M. POSWISTILO
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to William Tejeda, Register No. 52145-054, Federal Correctional
Institution, P.O. Box 2000(East), Fort Dix, NY 08640.

Susan M. Poswistilo
Assistant United States Attorney

Date: 12/31/2007