UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
UNITED STATES OF AMERICA      )
                              )
            v.                )   CRIMINAL ACTION
                              )   NO. 04-10098-WGY
WILLIAM TEJEDA                )
                              )
         Defendant            )
                              )
```

RESENTENCING MEMORANDUM

YOUNG, D.J.                                    April 17, 2008

I.   **BACKGROUND**

        In light of the amendment to the Sentencing Guidelines with
regard to crack cocaine offenses, William Tejeda ("Tejeda")
petitions this Court for a modification of the sentence he is
serving for conspiracy to possess with intent to distribute
cocaine base in violation of 21 U.S.C. § 846.  The United States
opposes Tejeda's motion, asserting that this Court is without
jurisdiction to modify Tejeda's sentence because the amendment
does not have the effect of reducing his sentencing range.

        A.   **Procedural Posture**

        Tejeda filed a pro se motion for a modification of sentence
pursuant to 18 U.S.C. § 3582(c)(2) on December 20, 2007 [Doc.
222].  The United States filed its response opposing the motion
on December 31 [Doc. 223].  The Court appointed counsel, and

Tejeda filed his reply through his appointed attorney on February 1, 2008 [Doc. 224].  The United States filed no surreply.

**B.   Relevant Facts**

In May 2005, a jury found Tejeda guilty of conspiracy to possess with the intent to distribute cocaine base.  Jury Verdict [Doc. 112] at 1.  The jurors found beyond a reasonable doubt that Tejeda conspired to possess "more than 1.5 k[ilograms]" of cocaine base.  Id.  This was the largest option given to jurors on the verdict slip,[1] although they also were provided a space, which they left blank, in which to write a particular amount of cocaine base had such particular amount been proven beyond a reasonable doubt.  Id.  In the Pre-Sentence Report, however, the Probation Office concluded Tejeda should be held responsible for 5.718 kilograms of cocaine base.  Pre-Sentence Report at 19-20.

The discrepancy between the jury's finding and the Probation Office's recommendation was not material because the base offense level for either quantity was 38.  Therefore, in sentencing Tejeda, the Court did not identify whether it relied on the drug quantity found by the jury, the quantity put forth by the Pre-

---

[1] The other options were "at least 50 grams but less than 150 grams," "at least 150 grams but less than 500 grams," and "at least 500 grams but less than 1.5 k."  Jury Verdict at 1.  It was unnecessary for the Court to provide further options to the jurors, as any amount over 1.5 kilograms invoked the same base offense level.

Sentence Report, or some other amount.[2]  Given Tejeda's criminal history category I, Pre-Sentence Report at 21, the Court concluded that the applicable Guidelines range was 235 to 293 months imprisonment.  Sentencing Tr. at 6.  The United States recommended that Tejeda be sentenced at the low end of that range, specifically, to 235 months.  Id. at 12.  Tejeda argued that the appropriate term of imprisonment was 120 months.  In the end, this Court sentenced Tejeda to 240 months imprisonment followed by a five-year term of supervised release.  Judgment as to Tejeda [Doc. 179] at 2-3.

On December 11, 2007, the United States Sentencing Commission unanimously voted to make retroactive, effective March 3, 2008, the amendment to the Sentencing Guidelines that reduced penalties for crack cocaine offenses.[3]  Specifically, the amendment reduced by two the base offense level for most crimes. Today, conspiracy to possess with intent to distribute between 1.5 and 4.5 kilograms of cocaine base has a base offense level of 36, U.S.S.G. § 2D1.1(c); for an offender like Tejeda with a criminal history category of I, the recommended Guidelines range is 188 to 235 months imprisonment.  Crimes involving over 4.5

_____

[2] The Court simply stated that "given the quantity of drugs at issue, the base offense level is 38."  Sentencing Tr. at 6.

[3] See, e.g., Press Release, United States Sentencing Commission, U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses (Dec. 11, 2007), available at www.ussc.gov/PRESS/rel121107.htm.

kilograms of cocaine base, however, retain a base offense level of 38, id., and a Guidelines range of 235 to 293 months imprisonment.

### C.   Federal Jurisdiction

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court, however, is authorized to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by" the Sentencing Commission "if such a reduction is consistent with" the Commission's applicable policy statements, which are found in the Guidelines Manual. 18 U.S.C. § 3582(c)(2). As relevant here, the Sentencing Commission has stated that a "reduction in the defendant's term of imprisonment is not consistent with [its] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [a retroactive amendment to the Sentencing Guidelines] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

## II.  ANALYSIS

### A.   Authority to Modify Tejeda's Sentence

In order to determine whether Tejeda is even eligible for a sentence reduction under section 3582(c)(2), the Court must first calculate the Guidelines range that would have applied had the crack cocaine amendment been in effect at the time of his

4

original sentencing.  <u>See</u> U.S.S.G. § 1B1.10(b)(1).  The Court

must then compare this to the Guidelines range that was actually

applied to Tejeda.  If the former is not less than the latter,

the Court lacks the power to entertain Tejeda's motion.  <u>See</u> 18

U.S.C. § 3582(c)(2) (making Court's jurisdiction contingent on

adherence to the Sentencing Commission's policies); U.S.S.G. §

1B1.10(a)(2)(B) (stating it is inconsistent with the Sentencing

Commission's policies to reduce a defendant's term of

imprisonment when a retroactive amendment "does not have the

effect of lowering the defendant's applicable guideline range").

     The United States urges this Court, when making these

calculations, to attribute to Tejeda 5.718 kilograms of cocaine

base, based on the fact that it is this amount that is mentioned

in the Pre-Sentence Report.  Gov't Resp. at 3.  Moreover, on the

Statement of Reasons form accompanying the judgment, the Court

certified that it had adopted the Pre-Sentence Report without

change.  Judgment as to Tejeda at 7.  On the other hand, relying

on <u>Griffin</u> v. <u>United States</u>, 494 F. Supp. 2d 1 (D. Mass. 2007),

<u>appeal argued</u> March 3, 2008, Tejeda asks this Court to resentence

on the amount the jury found beyond a reasonable doubt – 1.5

kilograms.[4]  Reply at 1-2.

_____

     [4] Actually, the amount that the jury found beyond a
reasonable doubt is incrementally more than 1.5 kilograms.
<u>See</u> Jury Verdict at 1 (finding Tejeda liable for "more than 1.5"
kilograms).  For simplicity, however, the Court will refer to 1.5
kilograms because the present sentencing range remains the same

This Court did not specify during the sentencing hearing upon what amount of crack cocaine it relied when calculating Tejeda's Guidelines range.  Had this Court done so, the Guidelines Manual would instruct the Court to calculate Tejeda's new Guidelines range by reference to that same amount.[5] See U.S.S.G. § 1B1.10(b)(1) (stating that when calculating defendant's amended Guideline range, the Court "shall substitute only the" amended Guideline provision and "shall leave all other Guideline application decisions unaffected").  This directive appears to be a direct effort to short-circuit constitutional Booker and its progeny by precluding district courts from "unenhancing" sentences upon section 3582(c)(2) motions on the basis that the facts necessary for the enhancement were not found beyond a reasonable doubt by a jury.

---

whether the jury found 1.5 kilograms, 1.6 kilograms, or even 4.5 kilograms.

[5] It would, of course, raise serious constitutional concerns were this Court now to utilize an amount of crack cocaine not proven to a jury beyond a reasonable doubt.  Even so, the Sentencing Commission expressly prohibits district courts from deviating from the previous sentencing in any manner other than by applying the amended Guideline range.  This appears to be an effort to deny the extension of Booker's progeny to such defendants.  See also U.S.S.G. § 1B1.10(a)(3) (specifically asserting that a modification of a sentence under section 3582(c)(2) is not a "full resentencing").  Theoretically, a failure to abide by the Sentencing Commission's instructions in this regard would strip the Court of jurisdiction under 18 U.S.C. § 3582(c)(2).  Fortunately, as the text makes clear, these thorny questions are not presented in this case.

Since the spring of 2004, however, this Court has been following the emerging constitutional rule that whenever the government identifies a fact, other than a prior conviction, "that warrants deprivation of a defendant's liberty or an increase in that deprivation, such fact must be proven to a jury beyond a reasonable doubt" if not admitted by the defendant. United States v. Kandirakis, 441 F. Supp. 2d 282, 303 (D. Mass. 2006); see also United States v. Birkett, 501 F. Supp. 2d 269 (D. Mass. 2007); Griffin v. United States, 494 F. Supp. 2d 1 (D. Mass. 2007), appeal argued Mar. 3, 2008; Richardson v. United States, 477 F. Supp. 2d 392 (D. Mass. 2007); United States v. Green, 346 F. Supp. 2d 259 (D. Mass. 2004), vacated in part on other grounds United States v. Yeje-Cabrera, 430 F.3d 1 (1st Cir. 2005). Here, the Court computed Tejeda's sentencing range during his original sentencing by using the jury finding that he was responsible for "more than 1.5 k[ilograms]" of crack cocaine. At the time, this was the highest bracket under the Sentencing Guidelines. See U.S.S.G. § 2D1.1(c) (2004 ed.). There was thus no reason for the Court to differentiate at the original sentencing between the open-ended jury finding of "more than 1.5 k[ilograms]" and the estimate found in the Pre-Sentence Report.

Today, of course, things have changed. Attributing an amount of not less than 1.5 kilograms nor more than 4.5 kilograms to an offender carries a base offense level of 36. Above 4.5

kilograms carries a base offense level of 38.  U.S.S.G. §
2D1.1(c).  Naturally, this Court sentenced in light of the
Guidelines as they existed at the time of the original
sentencing.  But as has been its unvarying practice since the
spring of 2004, this Court did so based on jury factfinding.  The
adoption of the Pre-Sentence Report on the judgment form
inadvertently incorporated the Report's quantity determination,
an amount this Court never knowingly adopted.  The Court adheres
to the jury finding.  Furthermore, it would violate the Ex Post
Facto Clause now to overlay the more recent drug quantity ranges
onto the verdict slip.

     As already stated, an offender with a criminal history
category of I to whom not less than 1.5 kilograms and not more
than 4.5 kilograms of crack cocaine is attributed has a
Guidelines range of 188 to 235 months imprisonment.  This is
lower than the Guidelines range, 235 to 293 months imprisonment,
to which Tejeda was originally subject.  Accordingly, a reduction
in Tejeda's sentence would comport with the Sentencing
Commission's policy statement put forth in the Guidelines Manual
section 1B1.10(a)(2)(B).  The Court therefore has jurisdiction to
address Tejeda's motion pursuant to 18 U.S.C. § 3582(c)(2).[6]

---

     [6] Were the Court to do as the United States asks and
attribute 5.718 kilograms to Tejeda – or, indeed, any amount over
4.5 kilograms – the Guidelines range applicable to Tejeda today
would be the same as the range under which he was sentenced in
2006.  Thus, in that instance, modifying Tejeda's sentence would

**B.    By How Much Ought the Court Reduce Tejeda's Sentence, If At All?**

The Government relies on the argument that any modification of Tejeda's sentence is barred and fails to indicate the sentence it would recommend in the event the Court does not accept its argument. See Gov't Resp. at 1-3. Tejeda, while recognizing that the Guidelines as amended call for a term of imprisonment of 188 to 235 months for crimes involving between 1.5 and 4.5 kilograms of cocaine base, asks this Court to impose a sentence of 120 months. Reply at 2. Although Tejeda notes that this is the "same sentence he requested and that was rejected by this [C]ourt at the time of his original sentencing," he asserts that "factual and legal developments have changed the sentencing landscape" in the interim. Id.

With regard to the former, Tejeda cites his post-sentencing conduct. The Sentencing Commission has authorized the Court to consider this type of evidence when modifying a sentence pursuant to section 3582(c)(2). U.S.S.G. § 1B1.10 Application Note 1(B)(iii). Tejeda notes he has had no disciplinary problems in prison, id. at 6, and has completed a variety of classes and programs, including obtaining his GED, id. at 7. In addition, he points out that he obtained a "coveted position within the 'Unit Corps,' the prison program that manufactures products for sale to

_____

conflict with the Commission's policy statement.

the public," for which he was required to pass a test and "negotiate[] a very competitive selection process." Id. Tejeda also emphasizes that he has maintained a relationship with his wife and children. Id.

With regard to the latter, Tejeda cites two cases. The first is Kimbrough v. United States, 128 S. Ct. 558, 564 (2007), which authorized judges to "consider the disparity between the Guidelines treatment of crack and powder cocaine offenses" when determining whether a below-Guidelines sentence is appropriate. See Reply 14-16. Insofar as the Guidelines amendment is designed to mitigate this disparity, however, Kimbrough is not as powerful an authority as Tejeda might wish. Tejeda also relies on Gall v. United States, 128 S. Ct. 586, 600 (2007), which indicated judges should consider unwarranted disparities among co-defendants when imposing a sentence. Reply at 16-17. Specifically, Tejeda asserts he is less culpable than co-defendants Manny Mendes, Chris Custer, and Carmon Figueroa, who were viewed as organizers or leaders, and no more culpable than Desiree Alves and immunized co-conspirator Amanda Eldridge. Tejeda argues that under Gall his original sentence was improper because he was the only conspirator to receive a sentence that was above the government's recommendation and was the only conspirator, aside from Mendes, not to receive a below-Guidelines sentence. Id. Accordingly, Tejeda asserts, the manner in which to reduce the "unwarranted

disparity" between himself and his co-defendants is to sentence him to 10 years.[7]  Id. at 17.  Finally, Tejeda asserts that the factors enumerated in section 3553(a) support a below-Guidelines sentence and that he does not pose any danger to the public.[8]  Id. at 10.

This Court is mindful of nature and severity of Tejeda's criminal activity, in which he acted as the New York supplier of crack cocaine to a major Massachusetts drug ring.  It also rejects the notion that there was any unwarranted disparity in Tejeda's original sentence, which was, in all respects, fair and just.  On the other hand, the Court notes the beneficient objective that motivated the Commission's retroactive amendment: to address the disparity between crack and powder cocaine offenders.  That, coupled with Tejeda's exemplary record while incarcerated, warrants a reduction in Tejeda's original sentence.

**III. CONCLUSION**

---

[7] Of course, Gall also instructed courts to avoid "unwarranted similarities . . . among co-conspirators who were not similarly situated."  Gall, 128 S. Ct. at 600 (emphasis in original).  Tejeda's argument is based on the premise - which in fact is faulty - that he is similarly situated enough to his co-conspirators that the disparity in sentencing is baseless.

[8] The Sentencing Commission has explicitly instructed district courts to take into account the risk that an offender poses to the community when deciding whether to reduce his sentence under section 3582(c)(2).  U.S.S.G. § 1B1.10 Application Note 1(B)(ii).

Accordingly, in light of the factors set forth in 18 U.S.C. § 3553(a) and, giving substantial deference to the advisory Guidelines as amended, this Court resentences Tejeda to 18 years (216 months) in custody.  All other aspects of his original sentence will remain the same.  An appropriate order will enter.

SO ORDERED.

/s/ William G. Young

_____

WILLIAM G. YOUNG
DISTRICT JUDGE