UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM TEJEDA,                *

      Petitioner,        *

-vs-                           *   Case No. 04-10098-WGY-5
                                        01-08-CV-10550 WGY
UNITED STATES OF AMERICA,      *

      Defendant.         *

## APPLICATION FOR A CERTIFICATE OF APPEALABILITY

On April 2, 2008, this Court entered an order summarily dismissing petitioner's Section 2255 motion, sua sponte as frivolous. This Court's reason was that "petitioner had(and has) superb representation through-out. He has suffered no prejudice whatsoever from any of the matters raised herein." See Docket Entry.

Pursuant to Section 2253(c)(2), petitioner is required to first seek a certificate of appealability from the district court. See Bui v. Dipaolo, 170 F.3d 232,237(1st Cir. 1999)("[u]nder the AEDPA amendments, [] a habeas petitioner who fails in his effort to obtain a COA in the district court may then beseech the court of appeals to issue one.") See also Fed.R.App.P. 22(b)(1). The standard for issuance of a certificate of appealability is much lower than that of Section 2255 review. One only has to make "a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." See Slack v. McDaniel, 146 L.Ed 2d 542(2000). Indeed, the high Court went further to teach that if a petitioner's claim deserves encouragement to proceed further, a certificate of appealability should be granted. Id.

-1-

In petitioner's Section 2255 motion, he raised three issues, each of constitutional dimension, to wit, ineffective assistance of counsel. Though this Court believes that petitioner had(and has) superb representation throughout, each of the three constitutional cliams deserves encouragment to proceed further because, in each of them, if the facts alleged are found to be true, relief would be warranted. And as this Court is well aware, when a petitioner makes factual allegations in a section 2255 motion and swears them under penalty of perjury, those allegations are to be taken as true unless the record conclusively shows otherwise. See United States v. Day, 969 F.2d 39, 41-42(3rd Cir. 1992)("...the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.")

In this case, as to ground 1, the petitioner claimed a statutory violation which counsel failed to raise, of which if jurists of reason could find debatable, then a certificate of appealability should be granted. And as to issue #2, petitioner submitted an affidavit, sworn under penalty of perjury, averring that his lawyer specifically advised him against accepting this Court's offer of the safety valvle. It would be undisputed that this Court make such an offer at sentencing. (See Sentencing Transcripts of March 30, 2006, @  .) And it would also be undisputed that had petitioner accepted the safety valve offer, at the very least, he would have received a 2 level reduction from his adjusted offense level, which would have meant lower sentence than he received at sentencing. Accordingly, if this Court believed that counsel advised petitioner against accepting the Court's offer, which would have meant a different and more favorable outcome, then, a substantial showing of a deprivation of constitutional rights has been made. This, as a matter

-2-

of law warrants an issuance of a certificate of appealability.

Finally, as to issue #3, petitioner argued that his counsel had the opportunity to raise the crack/powder cocaine disparity issue in his certiorari to the United States Supreme Court which even the United States Solicitor General's office observed that a prudent lawyer should have raised at such an opportuned time. It would be undisputed that had counsel raised the issue, his case would have been one of the several hundreds that were remanded under the Kimbrough v. United States, (169 L.Ed 2d 481(2007)) ruling. It should be noted that a superb lawyer is not a perfect one. No one is perfect, and as such an imperfect human could be superb but yet overlook important things. The issues raised herein are factually undisputed, and legally entitle petitioner to relief. Accordingly, a certificate of appealability should issue as to these three issues, and whether the court of appeals ultimately affirms should be of no concern to this Court at that point.

Wherefore, petitioner respectfully prays.

Respectfully Submitted:

*[signature]*
William Tejeda
Petitioner

-3-

<u>Certificate of Service</u>

I certify that a true and correct copy of the within application for a certification of appealability has been sent to the following:

Susan M. Poswistilo, AUSA
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

Respectfully Submitted:

_William Tejeda_
William Tejeda
Petitioner

Dated 4th day of MAY, 2008.

-4-